WILLIAM H. FREEMAN v. RICHARD FREEMAN.

*Written contract—Parol testimony to vary or contradict.*

A written contract purporting to embody the terms of a settlement
by the parties of "*all* matters of difference between them, of
whatever name or nature," and *unambiguous* and *complete* in
itself, not attacked for *fraud* or *mistake*, and which has been
fully performed, cannot be varied by parol testimony.

Error to Clinton. (Smith, J.)  Argued November 9, 1887.
Decided January 5, 1888.

Debt on judgment.  Plaintiff brings error.  Reversed.  The
facts are stated in the opinion.

*O. L. Spaulding* and *H. & H. E. Walbridge,* for appel-
lant.

*Daboll & Brunson,* for defendant.

MORSE, J.  The parties to this controversy are brothers,
residing in the county of Clinton.

The plaintiff sued defendant in the circuit court for that
county upon a judgment obtained in the state of New York
against the defendant, in favor of Guy H. McMaster and J.
Foster Parkhurst.  The judgment was rendered September
12, 1876, and assigned to plaintiff May 1, 1886.  Suit was
commenced before the outlawry of the judgment.

The defense to this judgment was that, at the time the
plaintiff acquired it, he was acting as the agent of the
defendant to sell certain real and personal property, pay the
defendant's debts, and account to him for the balance, if any.

The evidence introduced by the defendant to substantiate
this defense tended to show that when the defendant, in the
year 1876, left the state of New York and came to Michigan,

he left in the care of the plaintiff a large amount of real and personal property; that there were various mortgages upon the parcels of land owned by defendant, and, in order to cut off a dower-right in dispute, it was agreed that the plaintiff should procure the title of these lands in himself by having the mortgages foreclosed, and bidding in the title; that, in pursuance of such agreement, the plaintiff did thus obtain title in himself to 318 acres of land; that he sold all of it except 97½ acres, which he retains; and out of the proceeds of such sales, after paying the debts of defendant, he has a large amount of money in his hands, belonging to defendant, over and above the amount of this judgment.

To rebut this testimony, the plaintiff showed that November 7, 1885, the defendant in this suit filed a bill in the circuit court for the county of Clinton, in chancery, for an accounting and settlement of all differences between himself and the plaintiff, including the transactions in the state of New York, as well as matters of difficulty between them in Clinton county. It is claimed, also, that the differences in Michigan grew out of the New York affairs.

November 16, 1885, there was a settlement between the parties, which was evidenced by the following writing:

"Memorandum of agreement made and entered into this sixteenth day of November, A. D. 1885, by and between William H. Freeman, party of the first part, and Richard Freeman, party of the second part, witnesseth, that the parties hereto, being desirous of settling all matters of difference between them, of whatever name or nature, have agreed as follows:

"Party of the first part hereby agrees to give party of second part a good and sufficient quitclaim deed of the following described premises: The south fifty-eight acres of the northwest quarter of section four, and the east half of the southeast quarter of the north-west quarter of section five, all in the township of Olive, Clinton county, Michigan.

"The party of the second part hereby agrees to give party of first part a mortgage for two thousand dollars on the above-described premises, payable as follows: Five hundred

dollars on or before two years from date, five hundred on or before four years from date, five hundred on or before six years from date, five hundred on or before eight years from date, with interest at eight per cent., payable annually, on all sums unpaid. If party of second part should wish to make any one of the payments before due, he should give sixty days' notice to party of first part.

" Party of second part also agrees to deed, or cause to be deeded, to party of first part, by good and sufficient deed, the following described premises: The west half of the south-east quarter of section twenty-six, in Bingham, Clinton county, Michigan.

" Party of second part to pay the taxable costs in the case of *Alice L. Freeman v. William H. Freeman and William A. Freeman;* also the case of *William A. Freeman v. Richard Freeman,* before William H. Castel, circuit court commissioner.

" It is further mutually agreed that the parties hereto shall meet at the office of H. & H. E. Walbridge, St. Johns, on Thursday, to execute the necessary papers to carry out and fulfill the terms of this agreement.

" In presence of        W. H. FREEMAN,
"PORTER K. PERRIN,      R. FREEMAN.
"HENRY M. PERRIN."

On the seventeenth day of December, 1885, the solicitor of Richard, complainant in that suit and defendant in this, entered an order discontinuing the chancery suit, which order recited the fact that the parties to said suit, having settled all matters of difference between them, and adjusted the matters involved in the said bill of complaint, ordered that said cause be discontinued. This order was signed by C. M. Merrill, solicitor for complainant.

It was admitted on the trial of the present case that the bill of complaint in this chancery case covered all the New York matters, and all unsettled differences between the parties, and embraced the whole matter and transactions gone into by the defendant in the trial of this cause.

After the defendant had rested, the plaintiff, in rebuttal, introduced this contract of November 16, 1885, in evidence, and also the records and files in the chancery suit, including

the order discontinuing the same; whereupon, under objection, the defendant put in the testimony of one George Waldron, who was present at the settlement between the parties, who testified to the effect that in the talk leading to the settlement, and in the settlement, they confined themselves to the Michigan matters, and did not include the New York transactions.

The plaintiff's counsel moved to strike out this testimony, for the reason that it tended to vary and contradict by parol the written contract of the parties. The court refused the motion.

The defendant testified that he did not authorize his solicitor, Charles M. Merrill, to discontinue the chancery suit, but admitted that it was to be discontinued and dropped on account of the entering into of the contract of November 16, 1885, and it was so understood by both the parties.

The court submitted the case to the jury upon the theory that if the New York matters were not settled by the contract of November 16, 1885, the plaintiff could not recover. It appears from the record that the agreement of November 16 was carried out by the execution of the necessary papers. The jury found in favor of the defendant.

It is claimed by the plaintiff's counsel that the contract of settlement is clear and unambiguous, and should have been construed by the court, and not the jury; that the court erred in receiving and submitting to the jury testimony tending to explain, vary, and contradict this written agreement; that no fraud or mistake was claimed to invalidate it, and that by its terms, and the subsequent discontinuance of the chancery suit, all matters of difference between the parties were conclusively settled.

We think the counsel are right in their claim. The contract of settlement clearly imports that they intended by this agreement to settle all their differences " of whatever name or nature." It also appears, without dispute, from the tes-

timony of all the parties, that the chancery suit was to be dropped or discontinued by reason of such settlement, and the order shows the understanding under. which it was discontinued.

The contract of settlement is complete in itself. It needs no explanation to be understood; there is no ambiguity about it. It clearly appears, therein that the parties met, and agreed to settle all their differences, and solemnly put. in writing the terms and details of such settlement, and appointed a time to execute the necessary legal documents to carry out and fulfill the same. It was afterwards executed and fully performed. We do not think the defendant can now be heard to establish that it was only a partial settlement of their differences, and that the New York matters then in suit between them were not included.

The jury should have been directed to find a verdict for the plaintiff in the amount of the judgment and interest.

The judgment of the circuit court for the county of Clinton is reversed, with costs, and a new trial granted.

SHERWOOD, C. J., and CHAMPLIN, J., concurred. CAMP-BELL, J., did not sit.