WILLIAM PRATT v. JOHN J. CASTLE.

*Settlement—Receipts—Parol evidence.*

1. Settlements are favored by the law, and will not be set aside except for fraud, mistake, or duress.

2. A settlement evidenced by the execution of mutual receipts of "one dollar, in full for all debts, dues, and demands to this date," except as to certain specified items, is conclusive, in the absence of fraud or mistake, as to all prior dealings between the parties not covered by the excepted items.

Error to Genesee. (Newton, J.) Argued April 21, 1892. Decided May 6, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Mark W. Stevens* and *George H. Durand,* for appellant.

*Charles H. Wisner,* for defendant.

GRANT, J. Plaintiff is the son-in-law of the defendant. In 1878 they made a verbal agreement, by which plaintiff agreed to work defendant's farm on shares, rendering to him one-half of the avails thereof. This farm was known as the "Argentine Farm." Plaintiff kept no account of what he raised, or of what he delivered to defendant. Defendant testified that he did not receive much from the farm, and he also kept no account. Affairs went on in this loose way until the year 1887, when plaintiff persuaded defendant to exchange his farm for another, known as the "Galloway Farm." In effecting this exchange plaintiff bought a piece of land adjoining the Argentine farm, and deeded it to defendant, who in the exchange deeded it to Mr. Galloway. Plaint-

iff paid for this land $600. Plaintiff's suit is for the recovery of the value of this land. He testifies that defendant agreed to pay him for it.

Defendant testified:

"He [plaintiff] came to me, and wanted me to buy that land, and I told him I hadn't any more money I wanted to spend in land. He says, 'If you will buy the land, I will pay for it out of your share of the produce of the farm.' I says, 'Pratt, if you want to do that, buy the land,' and Pratt went on and bought the land. There was nothing said in this conversation as to whose name it should be taken in."

He further testified that he told plaintiff before the trade that they would have to have a settlement before he could trade farms. After the trade was made the parties got together, and went to a Mr. Moshier to draw up the papers. The settlement was accomplished by the execution of mutual receipts, which read as follows:

"1.00. Received, Linden, June 20, 1887, of John J. Castle, one dollar, in full for all debts, dues, and demands to this date, except all property and crops owned in partnership with the said John J. Castle.

"WILLIAM L. PRATT."

"1.00. Received, Linden, June 20, 1887, of William L. Pratt, one dollar, in full for all debts, dues, and demands to this date, except all property and crops owned in partnership with the said William L. Pratt.

"JOHN J. CASTLE."

Plaintiff does not claim that there was any mistake or fraud in the settlement, or in the execution of these receipts as evidence thereof, but relies upon an independent and contemporaneous agreement that the value of the land should not be included in the settlement, and the agreement of defendant to pay him therefor. Defendant insists and testified that all their transactions were included in the settlement, aside from the exception expressed in the receipts. The circuit judge per-

mitted the parties to give evidence of the prior dealings between them, and the circumstances under which the receipts were given, instructing the jury that they were not conclusive when fraud or mistake was alleged against them, and left it to the jury to determine whether the value of the land was included in the settlement; and their verdict was for the defendant.

The important assignments of error arise upon the admission of evidence of the prior dealings between the parties. It becomes unimportant to discuss them, if the defendant's contention be correct that the settlement was binding, and the written agreement could not be changed by parol evidence.

Settlements are favored by the law, and will not be set aside, except for fraud or mistake or duress, neither of which is claimed in this case. The parties made a settlement, and evidenced it by writing, in which they excepted certain transactions. If this settlement may be set aside by parol evidence of a contemporaneous agreement that it did not include certain dealings not excepted in the writing, I am unable to conceive any settlement which would be binding. The papers executed are not merely receipts of money, for no money passed. They were intended to be conclusive evidence that all their transactions were settled.

Plaintiff cites the following cases: *Rowe v. Wright,* 12 Mich. 289; *Mich. Cent. R. R. Co. v. Dunham,* 30 Id. 128; *McAllister v. Engle,* 52 Id. 56; *Powell v. Powell,* Id. 432; *Hart v. Gould,* 62 Id. 262.

In *Rowe v. Wright* it was held that a bill receipted was not conclusive of the terms and conditions of the sale.

In *Railroad Co. v. Dunham* it was claimed that the receipt and settlement were obtained by fraud.

In *McAllister v. Engle* the receipt was given under

protest, and the acknowledgment of payment was held not conclusive.

In *Powell v. Powell* the receipt was from a ward to his guardian, who had not accounted for certain items, and the Court said:

"It is certain that he [the guardian] did not account to the probate court for these items. It is equally certain that he did not perform his duty until he had done so in some way."

In *Hart v. Gould* an examination of the case will show that recovery was permitted upon the ground that at the time the receipts were given and the settlements made plaintiffs did not know of the existence of the claim for which they brought suit. Those cases have no bearing upon the present one. See *Freeman v. Freeman,* 68 Mich. 28.

Inasmuch, therefore, as the court should have directed a verdict for the defendant upon this branch of the case, and excluded all evidence of prior transactions, the plaintiff was not prejudiced by the rulings, and we need not consider whether any errors were committed.

Judgment affirmed.

MORSE, C. J., LONG and MONTGOMERY, JJ., concurred. McGRATH, J., took no part in the decision.

---

Plaintiff applied for a rehearing, and on May 20 the following opinion was filed:

PER CURIAM. A motion for a rehearing is made in this case upon the ground that this Court failed to refer, in its opinion, to the claim of plaintiff for moneys expended by him for the defendant after the settlement. No error was alleged upon the admission or rejection of testimony upon this branch of the case, nor upon any charge of the court in relation to it.

It was insisted that the remarks made by the court during the progress of the trial were so prejudicial to the plaintiff's claims that a fair trial did not result. This claim was fully considered by us, and we were and still are of the opinion that, under all the circumstances of the case, we would not be justified in reversing the case for the reasons alleged.

Rehearing denied.