LAUZON *v.* BELLEHEUMER.[1]

SETTLEMENT—CONCLUSIVENESS.
    A contract whereby one of the parties agrees to accept a
    specified amount "in full satisfaction of all claims of every
    nature" against the other is conclusive as to any existing
    claim, where there is no evidence of fraud or mutual mistake.

Error to Gogebic; Haire, J. Submitted January 29,
1896. Decided February 26, 1896.

*Assumpsit* by Bruno Lauzon against Paul Belleheumer
for board and office rent. From a judgment for defend-
ant on verdict directed by the court, plaintiff brings
error. Affirmed.

The defendant was indebted to the plaintiff for board
and office rent in the sum of $260.60; unless he is precluded
from recovering by the following agreement of settle-
ment:

"*Whereas*, differences have arisen between Bruno
Lauzon and A. Lauzon and P. E. Belleheumer, touch-
ing certain alleged misconduct on the part of the said
Belleheumer towards the said A. Lauzon: In considera-
tion of the premises, and on condition that the said Lau-
zon shall release and acknowledge full satisfaction for
and on account of all actions and causes of action which
they, or either of them, may have on account of the mat-
ter aforesaid, or for or on account of any other matter or
thing of any kind or nature, the said Belleheumer agrees to
pay to the said Lauzon the sum of $500, the same to be ap-
plied on a certain mortgage executed by the said Lauzon
and running to said Belleheumer upon certain real estate
situate in the city of Ironwood, aforesaid; and, upon the ex-
ecution of this agreement by said Lauzon and his said
wife, the said Belleheumer shall deliver to them his receipt
for said sum of $500, to be applied as above set forth; and

[1] Rehearing denied May 6, 1896.

the said Bruno Lauzon and A. Lauzon, his wife, hereby agree to accept and receive the same in full satisfaction of all claims of every nature as aforesaid.

"In witness whereof, we have hereunto set our hands, the day and year first above written.

"BRUNO LAUZON.
"ANGELINA LAUZON.

"Signed and executed in my presence:

"FRANK F. KUTTS."

At the conclusion of the plaintiff's proofs, the court directed a verdict for the defendant.

*Thomas Kissane* and *M. M. Riley*, for appellant.

*Charles E. Miller*, for appellee.

GRANT, J. (*after stating the facts*). The contract, in its express terms, covers the account for which this suit is brought. It is, however, insisted on behalf of the plaintiff, that the account for board and rent was not intended to be settled by this agreement, but only the insult which it is claimed was offered by the defendant to plaintiff's wife. Plaintiff testified that, in the negotiation pending this agreement, nothing was said about this account, and it is urged that he had the right to submit to the jury the question of fraud in its execution. Plaintiff testified to no false representations. He admits that the agreement was read to him, and does not claim that any portion of it was suppressed or erroneously read to him. A settlement cannot be set aside upon the ground that one of the parties did not understand it. The agreement upon its face was a clear settlement of all the accounts between the parties up to its date. There was no ambiguity in it, and nothing to be misunderstood. The evidence fails to make out a case of fraud or mutual mistake. The rule governing this case is fully stated in *Pratt* v. *Castle*, 91 Mich. 484, 487.

Judgment affirmed.

The other Justices concurred.