## BREVOORT *v.* PARTRIDGE.

COMPROMISE AND SETTLEMENT—CONCLUSIVENESS.

A contract whereby the parties agree that it is made "in full settlement of all matters between them" is conclusive of all claims existing prior to such agreement, in the absence of any showing of fraud, concealment or mutual mistake.

Error to Wayne; Donovan, J. Submitted January 19, 1909. (Docket No. 102.) Decided April 24, 1909.

Assumpsit by Henry N. Brevoort against Charlton E. Partridge for money had and received. There was judgment for defendant, and plaintiff brings error. Affirmed.

*Moore & Moore*, for appellant.

*Stellwagen & MacKay*, for appellee.

MCALVAY, J. The plaintiff sued the defendant upon the common counts, filing a bill of particulars. The plea was the general issue, with notice of tender. Plaintiff's

testimony tended to show that he had been in partnership with defendant's father in the fire insurance business. On July 1, 1901, defendant's father died. On July 5, 1901, defendant offered to and did collect for the plaintiff certain renewal premiums on policies about to expire, and he continued to collect these renewal premiums until August 20, 1902. The business was transacted through the plaintiff's office, and the books containing the record of the transactions were kept in plaintiff's office. During the period between July 5, 1901, and August 20, 1902, defendant, instead of receiving the money for all renewals delivered by him, and for which he accounted, seems to have permitted the insured to pay for the insurance by contra account; some of them against his deceased father, and some against his mother, for current supplies during that year. This he claims to have done with the knowledge and consent of the plaintiff. On September 7, 1902, a contract was entered into between plaintiff and defendant, by the terms of which the defendant agreed to continue to solicit insurance for the plaintiff until his commissions reached the sum of $2,000, which sum was to be used towards reducing the indebtedness of his father to the plaintiff herein. This he undertook to do voluntarily, inasmuch as he was not responsible for his father's indebtedness, and the contract so recites. The closing paragraphs of the contract are as follows:

"The said party of the first part hereby agrees to pay to the said party of the second part the regular commission allowed agents by board officers on all business that he, the said party of the second part, shall bring into the office of the said party of the first part, and the said party of the first part further agrees that he will apply all commissions earned by him on business turned into his office by the said party of the second part towards the reducing of said indebtedness hereinbefore referred to, and shall permit the said party of the second part to have access to his books for the purpose of ascertaining when said $2,000 has been earned; and in this connection it is agreed between the parties hereto that no contra accounts shall be

accepted by the said party of the second part in payment of any premiums.

"It is further agreed between the parties hereto, that this contract is made between the parties hereto in full settlement of all matters between them."

This contract was drawn by Ralph B. Wilkinson, an attorney, was fully discussed between plaintiff and defendant, after having been in the plaintiff's possession for a day or two, and was finally executed by the parties after a long conference regarding its terms. It is the claim of the plaintiff that, although he had in his possession the books relating to the business, an examination of which would have disclosed the fact that the defendant had settled various insurance premiums by contra accounts against his father's estate, or his mother, he did not make such examination, and at the time of the execution of the contract was not aware that such allowances had been made by the defendant. Plaintiff, therefore, claims that he should have been permitted to go to the jury upon the question of fact raised by the defendant's denial of his assertion.

The circuit judge was of the opinion that the contract of September 7, 1902, in part above quoted, was a binding settlement as to all matters between the parties up to that date, and submitted to the jury the question of the balance of plaintiff's claim. In this ruling we are of the opinion that the circuit judge was correct. The plaintiff makes no claim of fraud or concealment on the part of the defendant, but rests his right to go to the jury solely upon his statement that, although he had the means under his hand to determine accurately the condition of the account between himself and the defendant, instead of availing himself of those means, he chose to execute the contract of settlement in ignorance of the facts. The contract was not executed hurriedly, but after full discussion, and the lapse of a day or two after it came into plaintiff's possession. This is not a case of mutual mistake. Under these circumstances, we cannot say that the mistake on

the part of the plaintiff in its execution is such an one as will permit him to avoid its binding effect upon him three years after it became operative. *Lauzon* v. *Belleheumer*, 108 Mich..444. See, also, *Pratt* v. *Castle*, 91 Mich. 484, 487; 8 Cyc. p. 524, and cases there cited.

Judgment affirmed.

MONTGOMERY, HOOKER, MOORE, and BROOKE, JJ., concurred.