BOOTH FISHERIES CO. *v.* ALPENA CIRCUIT JUDGE.

1. Compromise and Settlement—Correction of Error—Equity.
   On motion to vacate a stipulation filed in certain replevin cases reciting a settlement of the litigation and discontinuing them without costs, no fraud, concealment, or mutual mistake being charged, the court in which the cases were pending was without jurisdiction to correct the alleged compromise; equity alone had jurisdiction to correct any mistake claimed to have been made.

2. Same—Mistake.
   Settlements of disputed matters are favored by the law and will not be set aside for mistake of one of the parties as to the legal effect of the compromise.

3. Same—Bona Fide Claimants—Fraud.
   As against the rights of strangers to the litigation subsequently intervening, the compromise will not be vacated on mandamus.

Mandamus by the Booth Fisheries Company against Frank Emerick, Alpena circuit judge, to compel respondent to vacate an order settling issues on a motion made in certain actions pending in said circuit. Submitted April 2, 1912. (Calendar No. 24,814.) Writ granted May 3, 1912. Rehearing denied October 7, 1912.

*Campbell, Bulkley & Ledyard* and *Joseph H. Cobb,* for relator.

*Henry K. Gustin,* for respondent.

Brooke, J. Relator asks for a writ of mandamus requiring respondent to vacate and set aside an order made by him settling certain issues and ordering them to be tried in a certain case in which relator was plaintiff and the Thunder Bay Fish Company and Horatio Ferguson were defendants. It appears that relator brought its ac-

tion in replevin against said defendants, on August 11, 1909, to recover certain property theretofore sold by its predecessor in title to one of said defendants, under a contract which provided that the vendor should retain the legal title thereto and have the right to repossess itself thereof upon default of the vendee. A second like action was brought by relator on August 26, 1909; some property having been omitted from the first writ. On September 27, 1909, a portion of the property taken under the writs was sold. At said sale, the tug "Duchess" and her equipment was purchased by I. S. Canfield, defendant's attorney, and certain other of the property was bid in by plaintiff. On the same day, September 27th, and on October 4th, following, said defendant Ferguson brought two suits in replevin against relator and thereunder recovered possession of the property not sold, which was involved in the earlier replevin suits. Negotiations for an adjustment were then had between Mr. Joseph H. Cobb, acting as attorney for relator, and Mr. I. S. Canfield, acting as attorney for the opposite parties in interest. A settlement was agreed upon, the details of which it is unnecessary to set out, and on the 22d day of December, 1909, a stipulation was entered into in each of the four replevin cases. The stipulations in those cases where relator was plaintiff were as follows:

"The subject-matter in the above-entitled suit having been settled between the parties, it is hereby stipulated between Joseph H. Cobb, attorney for complainant, and I. S. Canfield, attorney for defendants, that the same be discontinued without cost to either party and the clerk is hereby authorized to enter the order in the journal to that effect.

"JOSEPH H. COBB,
"Attorney for Complainant.
"I. S. CANFIELD,
"Attorney for Defendants.
"Dated December 22, 1909."

The stipulations in those cases where relator was defendant were identical with the foregoing, except that the

parties were reversed as plaintiff and defendant. These stipulations were filed January 5, 1910.

On September 27, 1909, the day of the sale, the Thunder Bay Fish Company had begun suit against relator by causing a summons to issue in an action of trespass on the case. On February 1, 1910, the declaration therein was filed, and on June 2, 1910, defendant (relator herein) filed a demurrer and notice and motion. On November 17, 1910, defendant filed an amended plea and notice. On the same day, the Thunder Bay Fish Company made a motion in the original replevin suit wherein relator was plaintiff and which had been settled by stipulation as follows:

"Now come the above defendants and move the court to strike from their files thereof a stipulation dated December 22, 1909, and filed with the clerk of said court the 5th day of January, 1910, discontinuing said suit for the following reasons:

"*First.* Because the subject-matter in the above-entitled suit has not been settled between the parties.

"*Second.* Because said stipulation was signed under misapprehension by I. S. Canfield, attorney of record for the defendants.

"*Third.* Because there was no consideration for the making of said stipulation.

"*Fourth.* Because the defendants will lose substantial rights and irreparable injury will be done the defendants if said stipulation is not set aside and said suit tried upon its merits.

"*Fifth.* Because the said defendants Thunder Bay Fish Company did not know that said stipulation had been signed until long after said stipulation had been filed, and said Thunder Bay Fish Company were advised that the discontinuance of said suit did not in any way affect their interest and were advised that all damages they were entitled to could be recovered in the damage suit now pending in the circuit court for the county of Alpena, in which the Thunder Bay Fish Company is plaintiff, and the Booth Fisheries Company is defendant.

"*Sixth.* Because it was agreed and understood between the attorneys for the plaintiff and the attorneys for the defendant in the above-entitled case that nothing in the

said stipulation contained should or would be construed to in any wise affect the Thunder Bay Fish Company's right of action against the Booth Fisheries Company.

"*Seventh.* Because the defendants have a good and meritorious defense to the above-entitled cause. This motion is based upon the files and records in said cause and the affidavits hereto annexed and made part of this motion.

"H. K. Gustin, Attorney for Defendants.
" Dated 17th of November, 1910."

Two grounds were added on December 6, 1910, as follows:

"*Eighth.* Because I. S. Canfield had no authority to enter into any agreement, contract, or stipulation on behalf of the Thunder Bay Fish Company to discontinue said suit or to make any agreement, stipulation, or settlement on behalf of the Thunder Bay Fish Company with the Booth Fisheries Company.

"*Ninth.* Because the subject-matter in the above-entitled suit had never been settled and no contract or agreement to settle had ever been made between the parties to the above-entitled suit."

To this motion relator filed a reply supported by affidavit denying the material statements contained in the motion and detailing at large the facts and circumstances surrounding the settlement. Whereupon the court made the following order:

" Motion having been heretofore made and entered in this cause to set aside and strike from the files a stipulation theretofore filed herein, it is hereby ordered by the court that the following issues be and are hereby settled by the court, to wit:

"Issue No. 1. Has the subject-matter in the above-entitled suit been settled between the parties?

"Issue No. 2. Did I. S. Canfield have authority to make an agreement of settlement and discontinuance on behalf of the Thunder Bay Fish Company?

"Issue No. 3. Did I. S. Canfield, if he had authority to make an agreement of settlement on behalf of the Thunder Bay Fish Company, enter into a valid agreement of settlement upon the 10th day of December, 1909, with the Booth Fisheries Company?

"Issue No. 4. Did the Thunder Bay Fish Company receive any consideration to settle said suit?

"Issue No. 5. Was said stipulation signed under misapprehension by I. S. Canfield?

"Said issues are ordered to be tried before the court or by a jury at the election of either party hereto, upon Monday, the 29th day of May, 1911. It is further ordered that a certified copy of this order and issue shall be served upon the attorney of record for the plaintiff on or before the 5th day of May, 1911."

The circuit court having refused, upon application, to vacate said order, this application for mandamus is made in this court.

It is urged on behalf of relator that, if any ground exists for rescinding said agreement of settlement (which relator denies), such matter constitutes a new cause of action which must be brought in a court of equity.

Upon the record as presented, we are satisfied that a settlement was made, and that the several stipulations of discontinuance were filed as a result of such settlement. Neither fraud, concealment, nor mutual mistake are set up as grounds for the setting aside of the stipulations, and if such allegations had or could be made under the facts, they would, we think, properly address themselves to a court of equity. The claim of the Thunder Bay Fish Company is in effect that it settled the replevin suits in question under a misapprehension as to the legal effect such settlement would have upon its suit then pending against relator. The jurisdiction of a court of equity, upon proper averments, to open and correct a compromise and settlement, is clear. *Mayhew* v. *Insurance Co.*, 23 Mich. 105; *Tabor* v. *Insurance Co.*, 44 Mich. 324 (6 N. W. 830); *Heinlein* v. *Insurance Co.*, 101 Mich. 250 (59 N. W. 615, 25 L. R. A. 627, 45 Am. St. Rep. 409); 8 Cyc. p. 523, and cases cited.

Settlements of disputed matters and compromises of unsettled claims are favored by the law, and it will be presumed that parties consult their own interests in making them. Usually they will not be interfered with in the

absence of fraud or mutual mistake, and then only when the party who seeks to rescind returns to the other party what he has received by virtue of the settlement. *Niederhauser* v. *Railway Co.*, 131 Mich. 550 (91 N. W. 1028), and cases there cited. Nor will such settlement be set aside because one of the parties did not understand it or its legal effect. *Pratt* v. *Castle*, 91 Mich. 484 (52 N. W. 52); *Lauzon* v. *Belleheumer*, 108 Mich. 444 (66 N. W. 345).

It is, we think, clear from the record as presented that the parties cannot now be placed in the position they occupied before the settlement was made; rights of third persons, strangers to the litigation between the parties, having intervened. Under such circumstances, and in the absence of fraud, the settlement should not be disturbed. 1 Beach on Contracts, § 454; *McNeill* v. *Town of Andes* (C. C.), 40 Fed. 45; *Emerick & Duncan Co.* v. *Hascy*, 146 Fed. 688, 77 C. C. A. 114.

The writ of mandamus will issue directing the respondent to vacate and set aside the order settling the issues and ordering a trial thereof.

MOORE, C. J., and STEERE, McALVAY, BLAIR, STONE, and OSTRANDER JJ., concurred. BIRD, J., did not sit.