BRUSSEAU *v*. POTTER'S ESTATE.

1. RELEASE—RECEIPT OPEN TO EXPLANATION.

In an action against an estate for services rendered to deceased, a receipt given to deceased by plaintiff on the return of a diamond ring, reciting that it released and discharged deceased from all debts, claims, etc., whatsoever, was open to explanation, and could be shown to be untrue, where it embodied no contract in relation to services.

2. SAME—EVIDENCE—BURDEN OF PROOF.

The burden of showing that the receipt was untrue was upon plaintiff.

3. SAME—PAROL EVIDENCE—RULE.

The part of the receipt claimed to prevent recovery for services was in no way contractual in nature, but a mere acknowledgment of payment, and the rule against parol evidence does not apply.

4. SAME—DEBT PRESUMED TO EXIST UNTIL PAID—RECEIPT PRIMA FACIE EVIDENCE OF PAYMENT.

A debt once proved to have existed is presumed to continue unless payment, or some other discharge, be either proved or established by circumstances; but a receipt under hand alone, or a verbal admission of payment, is, in general, only *prima facie* evidence of it, and may be rebutted.

5. SAME—EVIDENCE—QUESTION FOR JURY.

Testimony that the receipt was given to settle a controversy about a diamond ring, that the matter of plaintiff's services was not discussed, that the attorney who drew the receipt was not asked to make it cover services, that the services have not been paid for, and, after the giving of the receipt, deceased stated that he was to pay for such services, *held*, to present a question for the jury, which was properly submitted by the trial judge.

Error to Monroe; Root (Jesse H.), J.    Submitted October 4, 1921.    (Docket No. 2.)    Decided December 22, 1921.    Rehearing denied February 8, 1922.

Winifred Brusseau presented a claim against the estate of Thomas H. Potter, deceased, for services rendered.    The claim was disallowed before the commissioners, and claimant appealed to the circuit court. Judgment for claimant.    Contestant brings error. Affirmed.

*Willis Baldwin,* for appellant.

*George B. Orwig* and *George S. Wright,* for appellee.

WIEST, J.    The deceased was a practicing physician in the city of Detroit, and was injured in a collision

on the 5th day of February, 1915, from the result of which he died in February, 1918. Plaintiff worked for the doctor, both before and after the injury, as office woman, and this suit involves her claim for such services. There was testimony that the doctor repeatedly said he was to pay her $20 per week for such services. The only evidence on the part of defendant estate was the following receipt:

"Toledo, Ohio, June 2, 1917.

"Received from Dr. Thomas H. Potter a certain diamond removed from Dr. Potter's private box in Holden branch of the Detroit Savings Bank, in the same condition that it was when removed from said private box. And in consideration of receiving said diamond ring from said Dr. Thomas H. Potter I hereby waive all charges of grand larceny and hereby withdraw warrant for the arrest of the said Dr. Thomas H. Potter and do hereby release and forever discharge the said Dr. Thomas H. Potter, his executors and administrators from all debts, claims, demands, damages, actions and causes of action whatsoever, from the beginning of the world to the date of these presents.

"In witness whereof, I have hereunto set my hand at Toledo, Ohio, this 2nd day of June, 1917.

"In the presence of

F. M. SNYDER　　　　　MRS. WINIFRED BRUSSEAU
CLAUDE R. BANKER　　　　　40 McDonald St."
MRS. E. SCHAEFFHOLD

The questions presented all turn upon whether this receipt barred a recovery by plaintiff. It is to be inferred from the receipt that the plaintiff and the doctor at one time contemplated marriage and he presented her with a ring and afterwards obtained possession thereof and this led to trouble, and to its surrender and the giving of the receipt.

The doctor called in an attorney and informed him about the trouble over the ring, but said nothing about owing plaintiff for services and the attorney prepared the receipt and upon the trial testified that:

"This receipt was made at a private residence on Cherry street in Toledo. I was called there by a person who said his name was Dr. Potter and I found Dr. Potter and the lady of the house. Afterwards Mrs. Brusseau and Mr. Snyder came. * * * They briefly talked over the difficulties between Mr. Potter and Mrs. Brusseau in my presence. Mrs. Brusseau asked if he was going to deliver the ring and he said yes, and he wanted her to sign a receipt and release and that was approximately all that was said. I had the copy prepared before Mrs. Brusseau arrived and then I read the release to Mrs. Brusseau. I think Mrs. Brusseau started to read it but I am sure Mr. Snyder read it to her.

"Nothing was said by me or Mr. Potter to Mrs. Brusseau regarding any wages due by Mr. Potter to Mrs. Brusseau. Nothing was said that would settle matters between Mr. Potter and Mrs. Brusseau in my presence. At that time, the doctor returned the ring to Mrs. Brusseau. I did not see any other consideration pass. Nothing was said to me by Dr. Potter or Mrs. Brusseau in the presence of all of them who the ring belonged to."

There was also testimony that, after the receipt was given, the doctor stated he had not paid the plaintiff for her services and that he intended to pay her.

Counsel for defendant insists that the receipt bars a recovery on the part of the plaintiff, in the absence of a showing of fraud or mutual mistake, and being given for an unliquidated demand could not be attacked nor explained. Counsel urges that the case is ruled by *Lauzon* v. *Belleheumer,* 108 Mich. 444; *Brevoort* v. *Partridge,* 156 Mich. 359; *Pratt* v. *Castle,* 91 Mich. 484; *Goldsmith* v. *Lichtenberg,* 139 Mich. 163.

The record does not show that the ring bore any relation at all to the services sued for. This receipt embodied no contract in any way connected with the claim for services and was open to explanation and could be shown to be untrue; the burden, however, being upon plaintiff to show it was untrue. We are

of the opinion that the issues in the case were ruled by *Paddock* v. *Hatch,* 169 Mich. 95, and cases there cited.

There was no evidence that the amount due plaintiff for services was uncertain or in dispute. If the amount due the plaintiff for services was capable of being determined by mere computation and was overdue and undisputed the receipt did not bar the plaintiff from recovering for such services. The part of the receipt claimed to prevent recovery for services was in no way contractual in nature but a mere acknowledgment of payment, and the rule against parol evidence did not apply. 22 C. J. pp. 1135-1137.

The rule is well stated in 2 Best on Evidence, § 406:

"A debt once proved to have existed, is presumed to continue unless payment, or some other discharge, be either proved, or established by circumstances. * * * But a receipt under hand alone, or a verbal admission of payment, is in general only *prima facie* evidence of it, and may be rebutted."

Upon this subject see *Leeson* v. *Anderson,* 99 Mich. 247 (41 Am. St. Rep. 597) ; *Pease* v. *Common Council of Saginaw,* 126 Mich. 436. The evidence shows that the matter of the services of plaintiff was not talked about, the attorney who drew the receipt was not asked to make it cover services, and the services have not been paid for, and after the giving of the receipt the doctor stated he was to pay for such services. Under the evidence there was a question for the jury, and the charge of the court clearly presented the same.

We discover no reversible error and the judgment is affirmed, with costs to appellee.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.