45 Mich. 569; *Wolf* v. *Troxell's Estate*, 94 Mich. 573; *Clement* v. *Buckley Mercantile Co.*, 172 Mich. 243; *Dallavo* v. *Dallavo*, 189 Mich. 350; *Hanson* v. *Loescher*, 221 Mich. 387; *Robinson* v. *Solomon*, 222 Mich. 618.

The record of the proceedings brought to recover possession for default in the payments of rent under the new lease was not offered in evidence. Defendant admitted that she had not paid the rent when due; that she was "trying to force an issue." We cannot but conclude that there was no sufficient evidence to justify the submission to the jury of any of these claims.

The several judgments rendered in the circuit court are affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.

---

## STONE *v.* STEIL.

1. EVIDENCE—PAROL EVIDENCE—WRITTEN CONTRACT.
   The acceptance and indorsement by an employee of a check and notes given him by his employer for commissions on orders secured by the employee constituted a written contract between them which could not be contradicted by parol evidence.[1]

2. CONTRACTS—EVIDENCE—WRITTEN CONTRACT CONCLUSIVE.
   A written contract is but the evidence of the agreement

---

[1]Evidence, 22 C. J. § 1524.
On the general rule that parol evidence is not admissible to vary, add to or alter a written instrument, see note in 17 L. R. A. 272, 273.

reached by the parties, and, in the absence of mistake or fraud, it is generally held to be conclusive.[2]

3. EVIDENCE—PAROL EVIDENCE OF PAROL COLLATERAL AGREEMENTS—WHEN ADMISSIBLE.

Parol evidence is admissible to show prior or contemporaneous collateral parol agreements provided no attempt is made to vary or contradict the writing.[3]

4. SAME—PAROL EVIDENCE INADMISSIBLE TO CONTRADICT WRITTEN CONTRACT.

Parol evidence that a settlement evidenced by notes and a check containing a memorandum that it was "full settlement to April 1st on shipments made," given by an employer to his employee in payment of commissions on orders secured, was intended as a complete settlement of all their transactions, including future shipments on orders already taken and accepted by the employer, *held*, inadmissible, since it tended to contradict the terms of the writing.[4]

5. CONTRACTS—PAYMENT—RECEIPT—CONTRACT OF SETTLEMENT.

While a mere receipt given for the payment of money is but *prima facie* evidence of that fact, a mere acknowledgment of payment having only the effect of an admission, yet where it contains a writing that it is a settlement in full to a certain date, and is accepted by the other party, it becomes more than a mere receipt, and constitutes a contract of settlement.[5]

6. SUNDAY — COMMISSION RECOVERABLE ON ORDER SECURED ON SUNDAY.

That an employee secured an order on Sunday would not preclude his right to recover commission thereon, where the order was accepted and filled by the employer and he received payment therefor.[6]

Error to Kent; Hawley (Royal A.), J., presiding. Submitted January 13, 1925. (Docket No. 83.) Decided April 3, 1925.

Assumpsit by Harold Stone against Adolph Steil, doing business as the A. Steil Manufacturing Company, for commissions on the sale of goods. Judgment for

[2]Evidence, 22 C. J. § 1459; [3]Id., 22 C. J. §§ 1662, 1663; [4]Id., 22 C. J. § 1663; [5]Id., 22 C. J. § 1524; [6]Sunday, 37 Cyc. p. 561.

plaintiff on a directed verdict.     Defendant brings error.     Affirmed.

*Corwin & Norcross,* for appellant.

*Dunham, Cholette & Quail,* for appellee.

SHARPE, J.     Plaintiff, a commission salesman, entered into an oral agreement with defendant in July, 1922, to sell his products on a commission of 5 per cent.     He secured a considerable number of orders, which were filled by defendant.     On April 7, 1923, a controversy arose concerning the sales, and a settlement was arrived at.     Defendant delivered to plaintiff his check for $50, on which he had written "full settlement to Apr. 1st on shipments made," and also his notes, one for $65, payable in 60 days, and one for $80, payable in 30 days.     The plaintiff cashed the check and discounted the notes.     Payment not having been made, he took them up.     On November 26, 1923, he began suit to recover on the notes and also for commissions on orders taken by him on which shipments had been made by defendant after April 1st. In a notice attached to the plea of the general issue, defendant averred that the check and notes were given "with the distinct understanding and agreement that it was to be a settlement in full of all transactions between the parties."

The trial court held that, in the absence of a claim of mistake or fraud, the underwriting on the check that it was in "full settlement to Apr. 1st on shipments made" could not be varied or modified by parol proof tending to show "that it was to be a complete settlement of all their transactions."     It being conceded that plaintiff was "the efficient and procuring cause of the sales" on which certain shipments were made after April 1st, and on which plaintiff claimed commission, he directed a verdict for plaintiff for

$1,148.35.    Defendant reviews the judgment entered thereon by writ of error.

1. Was the parol proof offered admissible?

(a) The acceptance by the plaintiff of the check and notes given him by defendant and his indorsement of them constituted a written contract between them. The court held that, in the absence of fraud or mistake, the general rule, which prohibits the modification of written contracts by parol, applied.    Defendant's counsel urge that—

"The check was not the settlement, nor evidence of the settlement; it was only evidence of payment in full after settlement."

Any written contract is but the evidence of the agreement reached by the parties.    In the absence of mistake or fraud, it is generally held to be conclusive evidence thereof.    Counsel rely on the rule many times stated by this court, and we think in line with all the authorities, that—

"The rule excluding parol evidence to vary or contradict a writing does not extend so far as to preclude the admission of extrinsic evidence to show prior or contemporaneous collateral parol agreements between the parties."    22 C. J. p. 1245.

But, as pointed out in 21 Am. & Eng. Enc. Law (2d Ed.), p. 1094, also cited and quoted from by counsel, such proof is admissible only "provided no attempt is made to vary or contradict the writing." This exception is also clearly stated in 10 R. C. L. p. 1035, § 228, and in 1 Elliott on Evidence, § 578, also cited and quoted from by them.    This question was before this court in the recent case of *Frischkorn Real Estate Co.* v. *Hoskins*, 226 Mich. 30.    Mr. Justice McDONALD, speaking for the court, said:

"The rule is well established that to permit evidence of a preliminary or contemporaneous oral agreement, it must appear that it is consistent with the terms of

the writing, not negatived by the writing itself, that it does not tend to vary or contradict the written instrument, and that its terms are independent of those which the writing purports to express. 22 C. J. p. 1245; 10 R. C. L. p. 1035. If the writing deals with the particular element of the negotiation sought to be proven, evidence thereof is not admissible."

It is urged that the purpose of the parol testimony was not "to alter or vary the terms of the settlement, or change the amount claimed to be due at the date of settlement." The memorandum on the check stated plainly that it was given in "full settlement to Apr. 1st on shipments made." Clearly, this language negatives the claim now made by defendant that the check and notes settled, not only all claims on shipments made to April 1st, but all transactions between the parties. A consideration of the matters in controversy and of the underwriting on the check shows clearly the intent on the part of defendant to give the check and notes in full settlement of commissions which plaintiff claimed to be entitled to on orders taken by him and filled by defendant at that time, and on the part of plaintiff to accept them in full satisfaction thereof. And it just as clearly evidences the intention of the parties that commissions on orders taken, but not yet filled by shipments on the part of the defendant, were not included in the settlement. It cannot, therefore, be said that the evidence offered was admissible within the rule laid down in the *Frischkorn Case.* See, also, *Karnov* v. *Goldman,* 229 Mich. 551.

(*b*) Does the rule stated apply to the underwriting on the check?

It is urged that the execution and delivery of the check by defendant and its acceptance by plaintiff was not "a contract of settlement." It is elementary that a mere receipt given for the payment of money is but *prima facie* evidence of that fact. It is a mere

acknowledgment of payment and has only the effect of an admission.    Were not the words which we have quoted added thereto, the proof offered would certainly have been admissible.    But the defendant intended, as evidenced by his act, to make the check more than a mere admission on the part of plaintiff of the receipt of $50.    By plaintiff's acceptance and indorsement of the check he not only admitted such payment, but he also acknowledged that he received it in "full settlement," etc.    There can be no question but that they at that time reached an agreement in settlement of the controversy that existed.    Under this agreement defendant agreed to pay the plaintiff the amount of the check and notes, and plaintiff in consideration thereof agreed to accept such payment in full settlement of all commissions he had earned on shipments made by defendant to April 1st.    This agreement when executed became a contract binding alike on both of them.    It is evidenced by the check and plaintiff's indorsement thereon.    It may not be modified by a contemporaneous parol agreement inconsistent with it.

Our decisions are, we think, in accord with what has been said.    In *Pratt* v. *Castle*, 91 Mich. 484, the parties settled their difference and passed receipts "in full for all debts, dues, and demands to this date." An independent and contemporaneous agreement that the value of certain land should not be included was sought to be shown.    The court said:

"Settlements are favored by the law, and will not be set aside, except for fraud or mistake or duress, neither of which is claimed in this case.    The parties made a settlement, and evidenced it by writing, in which they excepted certain transactions.    If this settlement may be set aside by parol evidence of a contemporaneous agreement that it did not include certain dealings not excepted in the writing, I am unable to conceive any settlement which would be binding.    The papers executed are not merely receipts of money,

for no money passed. They were intended to be conclusive evidence that all their transactions were settled."

The syllabus in *Lauzon* v. *Belleheumer*, 108 Mich. 444, reads:

"A contract whereby one of the parties agrees to accept a specified amount 'in full satisfaction of all claims of every nature' against the other is conclusive as to any existing claim, where there is no evidence of fraud or mutual mistake."

These cases were cited with approval in *Brevoort* v. *Partridge*, 156 Mich. 359; *Booth Fisheries Co.* v. *Alpena Circuit Judge*, 170 Mich. 611; *Kern Brewing Co.* v. *Insurance Co.*, 127 Mich. 39; *Golden* v. *Illuminating Co.*, 114 Mich. 625; *Wheeler* v. *Baker*, 132 Mich. 507. See, also, *Tanner* v. *Merrill*, 108 Mich. 58 (31 L. R. A. 171, 62 Am. St. Rep. 687).

The cases seemingly opposed are easily distinguishable. In *Goldsmith* v. *Lichtenberg*, 139 Mich. 163, it was held (quoting from the syllabus):

"The retention and use of a check accompanied by a letter stating that it is in full of a certain account does not preclude action for a balance in fact due."

In that case a letter accompanied the check, saying it was sent "in full for a car of potatoes." The seller upon receiving the check telephoned "that he would accept it as part payment, and demanded the balance due him." The *Tanner, Kern Brewing Co.*, and *Wheeler Cases, supra,* were considered. The distinction was clearly pointed out by Mr. Justice OSTRANDER:

"The decisions of this court, relied upon by defendants in error, hold that, when the amount of the demand is disputed and unliquidated, but it is agreed to accept in full a smaller sum than is demanded, payment according to such agreement discharges the debt, even when a part of the agreement is to liquidate or agree to the amount actually owing. But an agree-

ment to pay and to accept a particular sum in full of the debt followed by payment and acceptance of the sum agreed upon have always been, in such cases, essential and controlling facts."

In *Paddock* v. *Hatch*, 169 Mich. 95, a different question was presented. The above cases were not mentioned or considered. In *Brusseau* v. *Potter's Estate*, 217 Mich. 165, a receipt had been given for a diamond ring which defendant had presented to plaintiff. It purported to waive all criminal charges in connection with its taking by the defendant and to release and discharge defendant from all debts, claims and causes of action which plaintiff might have. It was said that the ring bore no relation to the services sued for and the contract as evidenced by the receipt was in no way connected therewith, and that the receipt might be rebutted. While some of the cases noted above were referred to, there was no intimation that they should be overruled.

2. It appears that one of the orders on which plaintiff was allowed commission was secured on a Sunday. It was filled by defendant, and he received payment therefor. We do not think this fact precluded recovery by plaintiff. His contract with defendant was an enforceable one and entitled him to a commission on all orders taken by him which defendant filled and received payments for. Defendant having treated the order as valid, as did also the purchaser, plaintiff was entitled to his commission thereon. *Bollin* v. *Hooper*, 127 Mich. 287.

The judgment is affirmed.

MCDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.