STREETER *v.* MICHIGAN CONSOLIDATED GAS COMPANY.

1. COMPROMISE AND SETTLEMENT—RECEIPTS—CONSTRUCTION OF PIPE
   LINES—DAMAGES.
   Receipt given by plaintiffs' predecessors about 6 months after
   defendant had constructed pipe line diagonally across farm,
   later acquired by plaintiffs, "in full payment and settlement
   for all damages of every kind and character done to me or my
   property in the construction of a pipe line," was not so limited
   as to exclude as damages any failure on the part of defendant
   to replace all tile cut in the construction of the pipe line.

2. SAME—FRAUD.
   Settlements are favored by the law and will not be set aside,
   except for fraud or mistake or duress.

3. SAME—UNAMBIGUOUS AGREEMENT—FAILURE TO UNDERSTAND.
   An unambiguous settlement agreement cannot be set aside upon
   the ground that one of the parties did not understand it.

4. SAME—CONSTRUCTION OF PIPE LINE—FAILURE TO REPLACE DRAIN
   TILE—ASSIGNMENT OF CLAIMS—FRAUD.
   A receipt for a sum of money received in full settlement for all
   damages done to property in the construction of a pipe line
   across farm then owned by plaintiffs' predecessors included
   the failure to replace the drain tile prior to the time the
   receipt was given, hence, the predecessors had no claim against
   defendant to assign to plaintiffs when latter purchased the
   farm, no fraud being claimed in the execution of the receipt.

Appeal from Shiawassee; Lyons (Willis L.), J.
Submitted June 10, 1954. (Docket No. 32, Calendar
No. 46,077.) Decided September 8, 1954.

Case by Dale Streeter and Laurene Streeter
against Michigan Consolidated Gas Company, a

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am Jur, Compromise and Settlement § 24.
[2] 11 Am Jur, Compromise and Settlement § 4.
[3, 4] 11 Am Jur, Compromise and Settlment § 29.

Michigan corporation, for breach of contract resulting in damages to farm across which pipe line was laid. Directed verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*V. O. Braun* and *Kenneth B. Kelley,* for plaintiffs.

*Norman L. Des Jardins* and *Clare J. Hall,* for defendant.

SHARPE, J. This is an action for breach of contract growing out of a right-of-way agreement granted by James Kish and Anna Kish, his wife, to the Michigan Consolidated Gas Company to construct pipe lines across their farm in Shiawassee county.

It appears that in September, 1947, James Kish and his wife Anna entered into an agreement with Ford, Bacon & Davis, Inc., a New Jersey corporation, whereby they granted to the New Jersey corporation—

" a right-of-way to construct, test, reconstruct, renew, operate, maintain, inspect, alter, repair and remove a pipe line or pipe lines, for the transportation of gas or any of its products, and such drips, valves, fittings, meters and other equipment and appurtenances as may be necessary or convenient for such operations, over and through the following real estate in Shiawassee county, State of Michigan, to-wit: The east half (E 1/2) of the southwest quarter (SW 1/4) of section 1, township 5 north, range 3 east, Antrim township, Shiawassee county, Michigan, hereby releasing and waiving all rights under and by virtue of any applicable homestead exemption laws.

"And also from time to time additional such pipe lines and appurtenances, together with the right of ingress and egress at convenient points for such purposes; together with all rights necessary for the convenient enjoyment of the privileges herein grant-

ed; To Have And To Hold the same unto said grantee, its successors and assigns, until said easement be exercised, and so long as any structure installed hereunder is used or remains thereon.

"Grantee shall replace in a good and workmanlike manner all tile cut in the construction of its lines hereunder."

It appears that prior to entering into the above agreement relating to the pipe line the farm was tiled and drained. In the spring of 1948 the defendant constructed a pipe line across the farm in question. The pipe line runs in a diagonal direction from northwest to southeast. At the time the pipe line was being constructed the soil was wet and muddy, and the soil at and near the pipe line was torn up by tractors used in the construction of the pipe line. It also appears that some tile was disrupted in the construction of the pipe line, and that a part of the farm has not had proper drainage since.

On October 28, 1948, James Kish and Anna Kish made a settlement with the Austin Pipeline Company for damages occurring up to that date. The receipt given reads as follows:

"Received of the Austin Pipeline Company, a corporation, $596.08 in full payment and settlement for all damages of every kind and character done to me or my property in the construction of a pipe line across the following described land in Shiawassee county, Michigan * * * (describing the land), and this shall be deemed to be and is a complete discharge and satisfaction of the obligation of said company to pay the damages to date which have been occasioned by the construction and testing of said line."

Plaintiffs, Dale Streeter and Laurene Streeter, husband and wife, purchased the premises from James and Anna Kish in the fall of 1950, and re-

ceived a warranty deed on June 9, 1951. Mr. and Mrs. Kish also assigned to plaintiffs their cause of action for breach of contract by defendant company. Plaintiffs attemped to farm the land, but lost crops due to lack of drainage. Plaintiffs also expended the sum of $403 for new tile to replace the damaged tile.

On December 3, 1952, plaintiffs filed their declaration in the present action, in which they allege:

"That in pursuance of said right-of-way agreement the defendant constructed a pipe line across said farm in the spring of 1948.

"That in the course of constructing said pipe line the defendant cut many tile on said farm, and in direct violation of the terms of said agreement defendant failed to replace in a good and workmanlike manner all tile so cut.

"That by reason of said breach of said contract on the part of said defendant, these plaintiffs' farm was flooded to the extent that plaintiffs could not raise crops thereon, and to the extent that plaintiffs' tiling system has been destroyed, and to the extent that large portions of plaintiffs' farm have grown up to poplar brush and undergrowth, and plaintiffs are unable to carry on their regular farming operations, to plaintiffs' great damages."

Subsequently, plaintiffs filed a bill of particulars, a copy of which reads as follows:

"Seven acres of poplar undergrowth must be bulldozed off the land and roots removed at $10.00 per hour for 5 ten-hour days bulldozer costs ................. $ 500.00
"50 acres made unworkable due to undrained land for 5 years:
"25 acres of wheat for 5 years, 28.3 bushel per acre (1950 Michigan average) at $2 per bushel is $1,415 less costs of labor, seed and fertilizer of $750 equals damages of ............................ $ 665.00

"40 acres of corn, 38.5 bushel per acre
(1950 Michigan average) at $1.70 per
bushel is $3,272.50, less costs of labor,
seed and fertilizer of $875, equals dam-
ages of ............................. $2,397.50
"40 acres of oats, 41.5 bushel per acre
(1950 Michigan average) at $0.70 per
bushel is $1,452.50, less costs of seed, fer-
tilizer and labor, $685.50, equals damages
of .................................. $  767.00
"15 acres of barley planted but drowned
out at 32 bushel of certified malt seed .... $1,200.00
"15 acres under water major part of
years requiring 4 ton lime per acre due
to leaching, equals 60 ton at $5.50 per ton $  330.00
"Costs of spreading at $1.00 per acre,
15 acres equals ..................... $   15.00
"400# 3–12–12 per acre lost due to
leaching, equals 3 ton for 15 acres at
$49.50 per ton ..... ................. $  148.50
"Cost of spreading fertilizer ........ $   15.00
"Tile clogged with roots from poplar
trees will require cleaning or retiling at
least 50 rods of glazed tile. If retiled
50 rods at $2 per rod, back-filled, will
amount to ........................... $  200.00
"New outlet for drainage system 6' tile
drain 100 rods, actual cost ............ $  400.00
"Total ............................. $6,638.00"

Defendant filed an answer to plaintiffs' declara-
tion, a part of which reads as follows:

"Further answering, defendant shows that the con-
struction of its first pipe line was entirely completed
by May, 1948, and that whatever damage had been
done to the property of Kish had occurred on or
prior to that date. On October 28, 1948, defendant
paid to James and Anna Kish the sum of $596.08
in full settlement of the damages sustained by them
and James Kish executed and delivered his receipt
therefor, a copy of which, marked exhibit '2', is

hereto attached and made a part hereof. For these reasons Kish had no right or causes of action which he could assign to plaintiffs for damages caused by construction of the pipe line in 1948.

"Further answering, defendant denies that the plaintiffs are entitled to recover in this proceeding for the reason that the right-of-way agreement heretofore referred to provides a method by which the plaintiffs may have determined any damage to which they are entitled. That the plaintiffs have failed and neglected to conform to the terms of the agreement in relation to the appointment of an arbitrator for the establishment of damages. That the defendant stands ready and willing to comply with the terms of said agreement at all times, and have so notified the plaintiffs in writing. That until the provisions of the contract between the parties have been fulfilled that the plaintiffs have no right of action at law for the recovery of any damages.
\* \* \*

"Further answering, defendant says that since the declaration and bill of particulars filed in this case cover only the question of damages relating to the pipe line that was constructed in the spring of 1948, therefore, for the reasons hereinbefore stated, the plaintiffs are not entitled to recover any damages in connection with the construction of that line, and therefore said case should be dismissed with costs."

Plaintiffs offered evidence in support of their claims, and at the close of plaintiffs' proofs defendant made a motion to dismiss plaintiffs' declaration for the reason that there was no competent evidence that the pipe line company did not replace in a good and workmanlike manner all tile drains that were disturbed in the laying of the pipe line; that plaintiffs did nothing to protect themselves or defendant company from permitting damages to accrue on the property; and that Kish and wife signed a complete receipt for all damages up to October 28, 1948. The

trial court granted defendant's motion, and, at the same time, made the following statement:

"I think I have already indicated on the record that it says something in the rule if the substance of the paper is set up in the pleadings it is sufficient unless it is a public document or a copy has been served on the opposite party, something to that effect. It was my opinion it was sufficiently pleaded but I want to save your point on the record. I have been unable to see any way that I can charge this jury so it wouldn't result in speculation on their part, I have thought it over in every way, I have thought supposing you waive the jury and ask me to try it, as I sometimes do in cases as you know, it seems to me I would simply have to make a guess of what the damages were in considering this receipt or other matters raised. As I stated, there are so many things about the proof that it seems to me it enters the realm of speculation to such an extent, while I would be glad to be relieved of the decision if the jury could render one it would be a great help. It seems to me some witness testified that this land had been pastured and that question whether or not they might have disrupted some tile, we get back to this receipt. Whether you are bound by that receipt after Mr. Kish sold the farm then he made this assignment, it was sometime later on the 15th of October, 1951, and he made the assignment and the receipt is dated the 28th of October, 1948, and I think his deed was made on October 8, 1951. When the motion was first made I had in mind in order to shorten the record I might render a decision in the matter and under the case made it could be taken to the Supreme Court without much expense but I thought there might be some further testimony that would help the decision. It is my opinion that I should grant the motion of the defendant and enter an order of dismissal of plaintiffs' cause of action. I believe under the law I should do that. The jury is impaneled here. I suppose I should direct them to

bring in a verdict of no cause of action. You may call in the jury."

Plaintiffs appeal and urge that the release signed by Kish and wife does not bar them from recovering damages, for the reason that defendant defaulted on its contract by failing to replace the broken tile, and that the damages were not caused by the construction of the pipe line but by the failure of defendant to replace the damaged tile.

We have in mind that the receipt given in settlement of damages occurred about 6 months after the pipe line was constructed and after the damage to the drain tile. We are not in accord with plaintiffs' theory of the effect of the receipt given by Mr. and Mrs. Kish to defendant company. This receipt was given "in full payment and settlement for all damages of every kind and character done to me or my property in the construction of a pipe line." In *Pratt* v. *Castle*, 91 Mich 484, 486, we said:

"Settlements are favored by the law, and will not be set aside, except for fraud or mistake or duress, neither of which is claimed in this case. The parties made a settlement, and evidenced it by writing, in which they excepted certain transactions. If this settlement may be set aside by parol evidence of a contemporaneous agreement that it did not include certain dealings not excepted in the writing, I am unable to conceive any settlement which would be binding. The papers executed are not merely receipts of money, for no money passed. They were intended to be conclusive evidence that all their transactions were settled."

In *Lauzon* v. *Belleheumer*, 108 Mich 444, 445, we said:

"A settlement cannot be set aside upon the ground that one of the parties did not understand it. The agreement upon its face was a clear settlement of

all the accounts between the parties up to its date. There was no ambiguity in it, and nothing to be misunderstood. The evidence fails to make out a case of fraud or mutual mistake. The rule governing this case is fully stated in *Pratt* v. *Castle*, 91 Mich 484."

In *Rayl* v. *Hammond Estate*, 100 Mich 140, we said (pp 147, 148) :

"The language of this Court in *Lewless* v. *Railway Co.*, 65 Mich 292 [300], is very applicable to the present case:

" 'Where parties have agreed to a settlement of an existing lawsuit, and put it in writing, and signed it, such arrangement must stand until set aside for such fraud as should vitiate it, upon a rescission attempted as soon as practicable after the fraud is known, and with no lack of diligence in discovering it.' "

See, also, *Crawley* v. *Studebaker Corporation*, 183 Mich 462.

Assuming that defendant did not properly replace the drain tile in the spring of 1948, plaintiffs' cause of action arose at that time. The receipt given approximately 6 months later was "in full payment * * * for all damages" up to the time of the giving of the receipt. There being no fraud claimed in the execution of the receipt, we are of the opinion that such receipt was in full satisfaction to Mr. and Mrs. Kish for all damages done. It follows that Mr. and Mrs. Kish had no claim to assign to plaintiffs. Under the pleadings and evidence in this case, the trial court was correct in dismissing plaintiffs' declaration.

The judgment is affirmed, with costs.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.