BREAUX, J.
Plaintiffs seek to recover an amount they allege to have paid to the defendant in error.
They were indebted on two mortgage notes to the defendant, amounting to the sum of $3,500. One of these notes, for the sum of $2,500, was secured by mortgage, and hoars the signature of the late husband of Mrs. Mary Glennon (one of the plaintiffs) as maker, and interest at the rate of 8 per cent, from June 27, 1884; the other note, for $1,000, from June 25, 1894, and was signed by plaintiff Mrs. Glennon after the death of her husband. The other plaintiffs are the children of the late Patrick Glennon and his surviving wife, Mary Glennon.
The notes were held by defendant until September 21, 1901, when notes and interest were under protest paid.
The amount list paid was $3,005.87, which plaintiffs charge was unlawfully exacted from them by defendant. They further charge that they were forced to a settlement and judgment, or to incur loss and inconvenience in the sale of the property mortgaged by them to defendant to secure one of these notes; that they called for an accounting, which the defendant refused. They aver-that they have employed an expert; and assumed liability to an amount of at least $150, and that by reason of defendant’s wrongful act they employed counsel, whose services are worth $500. The balance which they claim to have overpaid is $1,-584.44.
On June 21, 1885, the time for payment was extended one year from that date, and interest was credited as follows from the year to June 21, 1885;
Principal ............. $2,500 00
Interest at 7 per cent. 175 00
---$2,675 00
February 1, 1885, cash. $ 50 00
March 6, 1885, “ , 50 00
March “ , 100 00
June 21, 1885 “ , 175 00
-- 375 00
Balance dne on note June 21, 1885........... $2,300 00
Interest at 7 per cent., June 21, 1885, to 1886 161 00
$2,461 00
Credit.
December 11, 1885, cash...................... $ 100 00
January 17, 1886, “ ...................... 250 00
March 10, 1886, “ ...................... 150 00
$ 500 00
This was the method followed in computing payment to the time this note was paid in full.
We will mention here, for it has bearing upon the issues, that in 1889 plaintiff had paid $710.
Defendant claims to have returned to plaintiffs from this amount the sum of $500 on the 31st day of October, 1889. This plaintiffs energetically deny.
Plaintiffs propounded interrogatories to defendant on facts and articles, to which he answered by saying, among other things, that the averments of plaintiffs are untrue and incorrect; that he gave plaintiffs credit for all that was paid on the notes; that a formal balance was established, as shown by acknowledgment before a notary public on June 27, 1S92; that in 1898 the balance was $1,172.26, as shown by acknowledgment before a notary public.
Defendant denies all indebtedness, pleads estoppel and prescription, as stated in his answer.
The questions involved are the $500 before mentioned as having been returned, and the method followed by defendant in crediting the different amounts received on the note of $2,500. '
There is direct conflict between the testimony of plaintiff and her witnesses and of the defendant and his witnesses regarding this sum of $500.
Defendant holds the receipt of Mrs. Mary Glennon for the amount, signed by her and two witnesses. A check for that sum was issued at the time by defendant, payable to the order of Mrs. Mary Glennon, or bearer. The cheek was paid. We think that the preponderance of the testimony shows that it was paid to Mrs. Glennon, who insists that *945 her name does not appear indorsed upon the cheeks as having received the amount.
It was made payable to her or bearer.
She may have been identified, and the money properly paid to her without her indorsement.
Uneontradieted testimony bears evidence of the good reputation of the defendant. Moreover, the balance reached in 1892, to which we have referred, would not have been $1,289.22 unless the plaintiff had received that sum of $500, but it would have been $1,289.22 less $500. We have no rea-son to infer that plaintiffs would have failed to have this $500 credited in 1892 if she had been entitled to a credit for it. This was the year that the first settlement was made.
The second act, before referred to as dated in 1898, was also authentic in form. Plaintiffs attack its authenticity on the ground that only one witness was present when they signed it.
The witnesses to the act were called, and testified that they were present, and saw the parties sign, and the notary substantially corroborates the statement.
The first deed of acknowledgment, to which we have referred, was signed by the late E. Morel, who was, the testimony shows, a painstaking and careful notary; the last to be suspected of imposing upon parties by permitting them to sign an act without first being entirely certain that they were aware of the declarations it contained. The other notary is Mr. Oharbonnet, a member of the bar. The acts of these notaries are in due form. The attack against them cannot be sustained on the ground here urged, as it is not supported by preponderance of testimony. The acts were read. If they had not been read, and the parties had chosen to sign, they would have none to blame to a greater extent than themselves.
As relates to authentic acts, this court held that they are proof “between the parties in the absence of fraud, error, violence, or other matter affecting the consent.” Godwin v. Neustadtl, 42 La. Ann. 735, 7 South. 744.
These authentic declarations have the effect of an estoppel against plaintiffs, who chose to reduce them to authentic form.
Moreover, the payments have been made and imputed with plaintiffs’ sanction. Over 12 months have elapsed since they were made, and they now fall within the grasp of the prescription of 12 months directed against .actions for the recovery, of interest paid under the circumstances of the case in hand. While thoroughly convinced that defendant is protected by the acts before mentioned and by the pleas he has pleaded, we extended our inquiry into the facts connected with the different amqunts paid. A computation of interest in accordance with the rule which plaintiffs insist should have been followed shows that defendant has not been paid in excess of the amount to which he had a right.
We have considered each of the different facts of the case. The respective credits are not disputed, except the $500, to which we have referred; and plaintiffs have failed to show wherein there is error in the computation made on their own theory.
By reason of the law and the evidence being in favor of defendant, the judgment is affirmed.