132    507
139   ³164
e139  ³165

## WHEELER *v.* BAKER.

1. ACCOUNT STATED—CONFESSION OF AMOUNT—ACCEPTANCE.

    A confession by an agent that his arrearages amount to a cer-
    tain sum does not constitute an account stated, where the
    principal does not accept the confession as a true statement
    of the account.

2. DEMAND—SATISFACTION BY PART PAYMENT.

    An unliquidated demand can be satisfied by the payment of
    an amount smaller than its actual value.

3. SAME—CONSIDERATION.

    A creditor who, in settling the amount of a disputed claim,
    agrees with the debtor upon a certain sum, and as a part of
    the agreement accepts a less sum in full payment, discharges
    the whole demand.

Error to Wayne; Donovan, J. Submitted February
18, 1903. (Docket No. 94.) Decided March 23, 1903.

*Assumpsit* by Hayden W. Wheeler, Hayden H. Butts,
Oliver G. Fessenden, Walter N. Walker, and Willard H.
Wheeler, copartners as Hayden W. Wheeler & Com-
pany, against Fred L. Baker, for money had and received.
From a judgment for defendant, plaintiffs bring error.
Affirmed.

*Allan H. Frazer*, for appellants.

*Harry H. Wait* (*Alex. J. Groesbeck*, of counsel), for
appellee.

CARPENTER, J. During the year 1900 defendant was
a traveling salesman in the employ of plaintiffs. He
became short in his accounts, and on the 14th of October,
1900, plaintiff Fessenden obtained from him at Pittsburg,
Pa., a written confession that his shortages amounted to
the sum of $2,575.39, summarized as follows: Short on

cash collected, $693.16; goods sold for cash, and unaccounted for, $1,327.16; goods given as discount, and charged to other parties, $236.44; goods given as discount, and not yet charged to anybody, $318.63. After this confession was obtained, defendant was permitted to do business for plaintiffs for a couple of days in Pittsburg. Mr. Fessenden then returned to his home in New York, and defendant to his in Detroit. Shortly afterwards, defendant, in response to a request from Mr. Fessenden, went to New York, and there, after several days spent in negotiation, the amount of defendant's shortage was agreed to be $2,656.53. The testimony of defendant affirms, and that of plaintiffs denies, that at the time this amount was fixed it was agreed that $1,328.27 would be accepted as full payment therefor. This $1,328.27 was paid by $1 in currency and by delivering to plaintiffs a check for the sum of $1,327.27, drawn by E. B. Baker, defendant's uncle, on the Fidelity Trust Company of Newark, N. J., to the order of defendant, and by him indorsed; defendant testifying that this payment was made in pursuance of the agreement above stated, and plaintiffs testifying that it was a payment on account. This suit was brought to recover the balance of said arrearage, claimed to be unpaid. The issue made by this conflicting testimony was submitted to the jury, who found in defendant's favor.

Plaintiffs insisted in the court below, and insist here, that the amount of defendant's arrearages, having been converted into an account stated, could not be settled by the payment of a smaller amount than that agreed upon. If they are right in this, the judgment must be reversed. If they are wrong, it must be affirmed, because all the assignments of error relied upon relate to this question. The confession made by defendant in Pittsburg that his arrearages amounted to $2,575.39 was not an account stated. Plaintiffs did nothing to indicate their acceptance of that confession as a true statement of the account. On the contrary, they insisted, a few days afterwards, and

defendant conceded, that it was not a true statement of the extent of defendant's arrearages. They insisted when this case was tried, and insist now, that it was not a true statement. It follows that, according to the record in this case, there was no agreed statement of account until the arrangement was made, if any was made, for its settlement. Until the arrearage of defendant was liquidated— that is, its amount definitely agreed upon—it could have been satisfied by the payment of an amount smaller than its actual value. *Tanner* v. *Merrill*, 108 Mich. 58 (65 N. W. 664, 31 L. R. A. 171, 62 Am. St. Rep. 687); *Kern Brewing Co.* v. *Royal Insurance Co.*, 127 Mich. 39 (86 N. W. 388). The legal question involved in this suit, then, is this: Is the settlement of an unliquidated demand rendered void because, when the agreement therefor was made, it was also agreed that the amount of said demand exceeded the amount to be paid to satisfy it? There can be but one answer to this question. Under this hypothesis, the agreement liquidating the account gave defendant the right to satisfy it by the payment of a smaller sum. Plaintiffs cannot rely on this agreement, and escape from its obligations. Nor can defendant be bound by one part of this agreement, and denied the right of insisting upon another.

The judgment of the court below is therefore affirmed, with costs.

The other Justices concurred.