## GOLDSMITH *v.* LICHTENBERG.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS—ESSENTIALS.
   Where the error assigned is the direction of a verdict, the bill
   of exceptions should contain the substance, at least, of all the
   testimony.

2. PAYMENT—DISCHARGE OF DEBT—ACTION.
   The retention and use of a check accompanied by a letter stat-
   ing that it is in full of a certain account does not preclude
   action for a balance in fact due.

Error to Wayne; Donovan J. Submitted January 19,
1905. (Docket No. 86.) Decided February 27, 1905.

Assumpsit by William E. Goldsmith against F. Wil-
liam Lichtenberg and Christian J. Lichtenberg, copart-
ners as Lichtenberg & Sons, for goods sold and delivered.
There was judgment for defendants on a verdict directed
by the court, and plaintiff brings error. Reversed.

*E. M. Vining* and *Lehmann & Riggs*, for appellant.

*Bowen, Douglas, Whitney & Murfin*, for appellees.

OSTRANDER, J. The bill of exceptions in this case
leaves something to be desired. It is certified that it
contains all the testimony taken bearing upon or material
to any of the assignments of error. No witness except the
plaintiff was sworn. A verdict for defendants was direct-
ed, and the substantial error assigned in this order and
direction of the court.

In such cases it is usual, and, indeed, generally neces-
sary, to incorporate in the bill of exceptions the substance,
at least, of all the testimony, since error is not presumed,
but must be made affirmatively to appear. But the rec-
ord sets out so much of the discussion indulged in upon

the trial and so much of the testimony that with the charge given by the learned trial judge no doubt remains concerning the precise question upon which the case turned or the ground of the ruling made by the court. The court held, and counsel for plaintiff challenge and counsel for defendants support the ruling, that the case is ruled by *Tanner* v. *Merrill*, 108 Mich. 58 (31 L. R. A. 171); *Kern Brewing Co.* v. *Insurance Co.*, 127 Mich. 39; *Wheeler* v. *Baker*, 132 Mich. 507, and like cases.

The foundation for this ruling is the retaining and cashing of a check sent by defendants to plaintiff on January 9, 1901, in a letter which reads as follows:

"Inclosed please find statement and check for $556.22, an amount in full for a car of potatoes. As we informed you, this car was rejected at Indianapolis by the party, Mr. Sheidle, to whom it had been sent. The writer went down to Indianapolis to resell it, and we just received statement for same; it was resold to Mr. Newman."

The statement inclosed with this letter seems to have been an account of expenses, switching charges, and shortages. The testimony of the plaintiff tends to show a sale to defendants on track at Canton, Mich., of a certain quantity of potatoes at an agreed price per bushel, the billing of the car and potatoes by defendants' orders to Indianapolis, a claim made by defendants, after such shipment, that the potatoes were handled by them on commission, demand of payment, and refusal to pay until the potatoes were sold, followed later by the letter and remittance already referred to. Plaintiff testified, also, that upon receiving the check he telephoned defendants that he would accept it as part payment, and demanded the balance due him. He testified further that, after receiving the check, when he demanded payment of the balance claimed by him to be due, defendants, or one of them, told him he would get no more; that defendants still owed him something more than $100. The record therefore shows, and this is confirmed by the briefs of counsel, that plaintiff claimed to have made an absolute sale of the potatoes to defendants.

Defendants claimed that the potatoes were handled on commission. It was held by this court in *Peter* v. *Thickstun,* 51 Mich. 589, that where a check had written upon its face the words, "Payment in full for shingles shipped to me in cars," etc., and was received and indorsed by defendant and cashed, it would not be given the effect of a receipt in full; but that the party receiving it had a reasonable time to make objections to the account in payment of which the check was sent. So, also, *Mortlock* v. *Williams,* 76 Mich. 568. If there was a sale as claimed by the plaintiff, defendants owed him for 901¾ bushels of potatoes at 75 cents per bushel. Defendants, on the other hand, had remitted the money to plaintiff upon the theory of their agency. That plaintiff ever accepted the check or the money as payment in full, or held it without protest for an unreasonable time, is negatived. It has been repeatedly held that a new and valuable consideration is required to support the agreement of a creditor to accept from his debtor as payment in full a sum less than that admitted to be owing. *Fire Insurance Ass'n* v. *Wickham,* 141 U. S. 564; *Leeson* v. *Anderson,* 99 Mich. 247. The decisions of this court, relied upon by defendants in error, hold that, when the amount of the demand is disputed and unliquidated, but it is agreed to accept in full a smaller sum than is demanded, payment according to such agreement discharges the debt, even when a part of the agreement is to liquidate or agree to the amount actually owing. But an agreement to pay and to accept a particular sum in full of the debt, followed by payment and acceptance of the sum agreed upon, have always been, in such cases, essential and controlling facts. In *Tanner* v. *Merrill* a receipt in full was given, and no money was paid until after an agreement was reached to give such receipt—to settle. In *Kern Brewing Co.* v. *Insurance Co.* plaintiff accepted a draft and signed a receipt in full, the giving of the receipt being a condition to the payment of the money, and the whole transaction amounting to an agreement to pay and to accept the sum actually paid. In *Wheeler* v.

*Baker* a stated sum was agreed to be paid and accepted, and was paid and accepted, in full settlement.    There is in this record nothing showing or tending to show any agreement in fact between the parties on the one side to pay, on the other to receive, the sum of money which was paid in settlement.

Judgment is reversed, with costs, and a new trial granted.

McALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.