TRUSSED CONCRETE STEEL CO. *v.* ROSEMA.

COMPROMISE AND SETTLEMENT—PAYMENT—ADMISSIONS.

Where the purchasers of steel claimed credit for labor in tagging the pieces in a letter inclosing a check for the balance, after deducting the amount of the claim, a letter in reply from the seller asking the purchasers to forward bills for the charges so that they could be passed upon and credited, if correct, did not constitute an admission that the check was received as payment

Error to Kent; Brown, J. Submitted June 15, 1917. (Docket No. 54.) Decided September 27, 1917.

Assumpsit in justice's court by the Trussed Concrete Steel Company against Nanco Rosema and Jacob B. Top, copartners as Rosema & Top, for goods sold and delivered. There was judgment for defendants, and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendants bring error. Affirmed.

*William J. Landman,* for appellants.

*Clapperton, Owen & Hatten,* for appellee.

MOORE, J.   The amount of the controversy in this litigation is less than $80.   The case was tried before the circuit judge without a jury.   He made findings of fact and law as follows:

"1. The written contract under which the plaintiff sold certain building materials to the defendants was completely performed by the plaintiff.

"2. The amount due to the plaintiff under the terms of this contract was the sum of $900 and the total payments credited the defendants amount to the sum of $829.84, leaving a balance upon said contract price of $70.16.

"3. There is no evidence of any failure on the part of the plaintiff to fully perform the conditions of sale in said written contract.   When the defendants sent their last remittance to the plaintiff, the same was inclosed with a statement of an alleged claim of the defendants' against the plaintiff for an amount equal to the balance of the $900 for 'labor, sorting and remodeling reinforced steel,' as follows:

|  |  |  |  |
|---|---|---|---|
| " 'GRAND RAPIDS, MICH., Sept. 1, 1914. | | | |
| " 'Trussed Concrete Steel Co., | | | |
| " 'Youngstown, Ohio. | | | |
| " 'To ROSEMA & TOP, Dr. | | | |
| " 'General contractors and Builders, Dr. | | | |
| " 'To steel contract .................. | | $900 00 | |
| " 'July 17. By Cash ................. | $73 69 | | |
| " 'May 9. By freight on footing steel. | 6 71 | | |
| " 'May 21. By freight on carload steel. | 66 24 | | |
| " 'July 24. By Cash ................. | 500 00 | | |
| " 'By labor sorting and remodeling reinforcing steel as follows: | | | |
| " '144 hours labor at 30 ct... | 43 20 | | |
| " '52 hours foreman labor at 60 ct. ................. | 31 20 | 721 04 | |
| | | $178 96' | |

"Upon the receipt of this check the plaintiff replied as follows:

" 'ROSEMA & TOP,

" 'Grand Rapids, Mich.

" '*Gentlemen:* We have your check for $178.96 which you forward in settlement of the balance on invoices of May 15th, less freight $66.24 and $6.71 and contras of $43.20 and $31.20. Kindly forward us the bills for these charges so we can have same passed upon and credited to your account, if correct. The freight bills we will also have checked up.

" 'Awaiting your further advices we remain,

" 'Very truly yours,

" 'TRUSSED CONCRETE STEEL CO.'

"The written contract entered into between the parties set forth the conditions of sale and delivery and the remedies of the defendants in case of shortage or defective material. It clearly appeared that the defendants had failed to comply with the conditions of said contract in presenting any claims they might have thereunder.

"The claim of the defendants is that the labor represented by the amount not remitted was occasioned by the failure of the plaintiff and its agents to properly tag the steel. I find that there was no obligation upon the plaintiff to tag the steel, and that there is no default on the part of plaintiff for failure to tag the steel, and defendants are not entitled to a set-off, recoupment, or any consideration whatever, for the amount of any labor or expense that they have incurred.

"I therefore find as a matter of fact that the plaintiff had fully performed its contract and was entitled to receive from the defendant the full contract price of $900. The sum of $829.84 credited the defendants was an amount admitted to be due by them, and which was undisputed and due in any event, and there was no dispute or controversy as to the balance of $70.16; the balance due on said $900, except as defendants presented the claim, which was not in accordance with said contract. The plaintiff had no knowledge of the items making up such charge for labor, nor could it determine as to whether it would allow or disallow same until it was presented with an itemized state-

ment. An accord and satisfaction can only be predicated upon an unliquidated claim. Nothing was paid upon this item of labor and material and the amount paid was such as would, as before said, be due and payable in any event. There was, therefore, no accord and satisfaction of this balance.

"Further I find that there was no evidence of the payment by the defendants and the acceptance by the plaintiff of any sum in full settlement of the balance due on said contract.

"I find and conclude, therefore, that the defendants are liable to the plaintiff in the sum of $70.16, together with interest thereon at the rate of 5 per cent. per annum from September 9, 1914, to the date of judgment, and that a judgment should be entered in favor of the plaintiff and against the defendants for that amount, viz., $77.16, and costs to be taxed.

"Dated November 21, 1916."

Exceptions were duly made, and the case is brought here for review.

Counsel for appellant in his brief says:

"There are only two questions involved: **(1)** Was the account unadjusted or unliquidated, and therefore subject to an accord and satisfaction? (2) Was there an accord and satisfaction?"

—and insists that each of these questions should be answered affirmatively. This contention is based upon the claim that it was the duty of the plaintiff to tag the pieces so as to show where they were to go in the construction; that it had failed to do so, which failure resulted in the need of making expenditures by the defendant which were the subject of negotiation and was followed by their sending a statement of their account with a check as payment of the balance, and a recognition of such payment and of its purpose by the defendant.

The contract between the parties was in writing. It was for a stated amount of steel for the price of $900, to be paid for in the manner stated in the contract. It contained the following:

"Conditions of Sale.

"No one has authority to depart from the conditions of sale named herein, nor to make representations other than those printed hereon, unless the same are written on this order and approved by the home office. No claim for material purchased locally will be entertained unless the written authority of the home office for such purchase is first secured.  *  *  *

"Material proving defective will be replaced if reported promptly and same returned to us, but no claim shall be made for labor on such material or for damages therefor.

"It is distinctly understood and agreed that where general information and drawings are furnished for the proper placing of our products in the structure, such drawings are furnished gratis and form no part of this contract. These drawings must not be used before being rechecked by the purchaser or his architect, and the purchaser alone shall be responsible for the correctness of said drawings.

"Unless specifically provided otherwise, this quotation includes no bending or other special labor on the materials mentioned.  *  *  *

"Consignees should carefully check material immediately upon its arrival at destination as no claim for shortage will be entertained unless filed with us within five days thereafter."

There was no agreement in the contract to tag the articles, and no agreement is shown on the part of the defendant to make an allowance because they were not tagged. The letter of plaintiff dated September 9, 1914, is claimed to be an admission that the check was received as payment. When it is all read we think it will not bear such a construction as is indicated by the following language:

"Kindly forward us the bills for these charges so we can have same passed upon and credited to your account, if correct. The freight bills we will also have checked up."

The record is clear that the entire amount of material which was to be furnished for $900 was fur-

nished. We think the trial judge reached the right result. See *Goldsmith* v. *Lichtenberg,* 139 Mich. 163 (102 N. W. 627), and cases cited therein.

Judgment is affirmed, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.