(97 South. 270)

No. 23685.

SHERMAN et al. v. NEHLIG.

(June 4, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Descent and distribution $\Longleftrightarrow$82—Succession; statute authorizing forced heirs to prove simulation by parol does not apply to transactions between the heirs.**

Civ. Code, art. 2239, as amended by Act No. 5, of 1884, providing that forced heirs shall have the right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, does not apply to transactions between forced heirs alleged to be simulated.

**2. Discovery $\Longleftrightarrow$79—Parol evidence admissible to contradict answers to interrogatories only when otherwise admissible.**

Code Prac. art. 354, providing that answers to interrogatories are evidence, but do not exclude adverse testimony, authorizes oral testimony in contradiction of such answers only when such testimony is otherwise admissible.

**3. Discovery $\Longleftrightarrow$79 — Answers to interrogatories are written evidence, and cannot be contradicted by parol.**

Under Code Prac. art. 354, answers to interrogatories on facts and articles supply the place of written evidence; and, where such evidence is required, as in case of agreement to transfer real estate under Civ. Code, arts. 2240 and 2275, such answers cannot be contradicted by parol.

**4. Descent and distribution $\Longleftrightarrow$83—Succession; letters held not to admit conveyance between heirs was a simulation.**

Where plaintiffs conveyed their interest as heirs of a decedent to coheir, who devised land to defendant, letters written by defendant to one of the plaintiffs *held* not to concede that the conveyance was a simulation, and not a bona fide transfer.

**5. Descent and distribution $\Longleftrightarrow$83—Succession; circumstances held to corroborate claim that there was an actual sale, and not a simulation.**

That vendee to whom coheirs conveyed their interest was in undisturbed possession of land for 10 years, that one coheir was witness to her olographic will, and was present and participated without objection, in its probate, and that her universal legatee remained in quiet possession thereafter for several years, and neither she nor the vendee ever paid rent, *held* to corroborate testimony that the sale was an actual sale for valuable consideration, and not a simulation.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Albert Sherman and others against Margaret Nehlig, widow of Jacob Kissgen. From a judgment for defendant, plaintiffs appeal. Affirmed.

The letters written to one of the plaintiffs by defendant mentioned in the opinion were in part as follows:

"you thought It best to sell and each get there (their share, well I think that It would B best and that would settle It all. * * *"

"well Louisa I know your fix and I know that you bought the furniture and Albert getting the money from Mr. Morris for his mother funeral As you told me but I will tell you I will not sign any note and Hammond and his rent affairs I don't care about meddeling In be contend to that I am not going to sell the house I am going to try and hold on to it as long as

I can but I will begin to make payments to you on account of what Sister Susie owes you on the house that Mama had left to all of us which Susie bought from all of us at the time the settle was made when mama Succescession was opened this Is all I will do and nothing more so I will come to a close hoping you will get better."

Arthur B. Leopold and Gerald Netter, both of New Orleans (Girault Farrar, of New Orleans, of counsel), for appellants.

John D. Nix, of New Orleans, for appellee.

LAND, J. Plaintiffs and defendants are the forced heirs of Christian Nehlig and Barbara Breitmeyer, who died intestate in the city of New Orleans, the former on April 28, 1882, and the latter on February 1, 1899.

They were recognized as the only heirs of decedents in the proportion of an undivided 11/60 interest to each, with the exception of Albert Sherman, who was recognized as the owner of an undivided 5/60 interest in the property of said successions, as the sole forced heir, by representation of his child, Alma Sherman, who died intestate on September 19, 1890, said child being the issue of the marriage of Albert Sherman and Magdelena Nehlig Sherman, who died on December 30, 1889, prior to the death of her mother.

All of the property of the successions of decedents consisted of a certain lot of ground, with buildings and improvements, situated in the Third district of said city.

On May 3, 1899, by act passed before Fred Zengel, notary public, Caroline Nehlig, wife of Henry Shubert, Margaret Nehlig, widow of Jacob Kissgen, and Herman Nehlig, together, with petitioners, Albert Sherman and Louisa Nehlig Sherman, sold all of their right, title, and interest in and to said property to Susie Nehlig for the sum of $700 cash.

On November 21, 1909, Susie Nehlig departed this life, unmarried, and without ascendants. She left an olographic will, of date September 15, 1901, instituting Margaret Nehlig, defendant herein, as her universal legatee. By final judgment of the civil district court of the parish of Orleans, rendered on December 2, 1909, in the succession of Susie Nehlig, the said olographic will was duly probated, and the said Margaret Nehlig was recognized as universal legatee, and as such was sent into possession of said property, which remained in the possession of Susie Nehlig during her lifetime, and, after her death, continued in the possession of Margaret Nehlig, her universal legatee.

The present suit is an action en declaration de simulation. Petitioners aver that they received no consideration whatsoever in cash or otherwise in payment of their respective rights, titles, and interest in and to this property, and that the distinct understanding and agreement between all of the parties to the sale executed by notarial act on May 3, 1899, was that said property was to be placed in the name of Susie Nehlig for convenience only, and that, when called upon, she would recognize the right, title, and interest of petitioners in and to said property.

They further allege that the said Margaret Nehlig, defendant herein, has repeatedly admitted both verbally and in writing, after the judgment sending her into the possession of said property, that petitioners had never validly alienated and sold their respective shares in and to said property, and they aver that she has promised that, whenever she would be able to sell said property, she would recognize petitioners' rights, and would pay them in full their respective virile shares, but that, notwithstanding continual demands, she refuses and neglects so to do.

Petitioners pray to be recognized as owners of this property, each in proportion to his respective share, and they sue to recover rents and revenues amounting to a total of $3,840, at the date of the filing of this suit, based upon a rental of $240 per annum since May, 1899.

Petitioners also propounded to Margaret Nehlig, defendant herein, interrogatories on

facts and articles, touching their claim to this property.

Defendant answered those interrogatories under oath, stating that the sale referred to was not a pretended sale, but a bona fide one; that title passed, as was intended by all of the parties to the act; and that the sale was for the consideration shown in the act, and not for mere convenience.

Defendant expressly denies under oath that there was an agreement that the property referred to, or that the respective shares, should ever be transferred back to the vendors, or that said vendors should ever participate in the proceeds resulting from the sale of this property. Defendant expressly denies under oath that she has ever admitted verbally or in writing that Louisa Nehlig and her husband, Albert Sherman, petitioners, are in any wise interested in the property bequeathed to her by Susie Nehlig.

Plaintiffs contend that, in the absence of a counter letter, parol evidence is admissible to prove simulation under Act No. 5 of 1884, and that such evidence was also admissible to contradict the answers given under oath by the defendant to the interrogatories on facts and articles propounded to her, citing Code of Practice, art. 354, as authority for such proposition.

[1] Article 2239 of the Civil Code, as amended by Act 5 of 1884, reads as follows:

"Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others, but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts *of those from whom they inherit*, and shall not be restricted to the legitimate." (Italics ours.)

This article clearly refers to simulated sales or other contracts made by the father or mother or ancestor, and not to transactions between forced heirs alleged to be simulated. It is therefore inapplicable to the present case. Phelps v. Mulhaupt, 146 La. 1078, 84 South. 362.

[2, 3] Article 354 of the Code of Practice declares that—

"The answers of the party interrogated are evidence, but do not exclude adverse testimony, and shall be weighed by the judge as other testimony."

Plaintiffs, by attempting to prove by parol evidence that the authentic act of sale in this case is a simulation, are likewise attempting to prove by parol evidence, in contradiction of said act, a verbal agreement to transfer real estate back to them.

Plaintiffs have alleged that the sale in question is a pure simulation, i. e., that it was made without any consideration. They have produced no counter letter to prove this allegation. It is well settled that article 354 of the Code of Practice is to be construed with other provisions of law, and that, so construed, it authorizes oral testimony in contradiction of answers to interrogatories on facts and articles only when such testimony is otherwise admissible, and that, as such answers supply the place of written evidence, where such evidence is required, they cannot be contradicted by parol testimony. R. C. C. arts. 2275, 2240; Wright-Blodgett Co. v. Elms, 106 La. 159, 160, 30 South. 311; Rubenstein v. Files, 146 La. 731, 84 South. 33; Rush v. Landers, 107 La. 553, 32 South. 95, 57 L. R. A. 353; LeBleu v. Savoie, 109 La. 680, 33 South. 729; Glennon v. Vatter, 109 La. 942, 33 South. 930.

[4] Therefore the answers of the defendant to the interrogatories on facts and articles propounded to her must stand in this case as uncontradicted, and must prevail, unless the two letters written by her to the wife of plaintiff and filed in evidence can be accepted as counter letters.

We agree with the trial judge that these letters do not concede simulation.

[5] Even should we review the parol evidence in the case, we would be forced to the conclusion that simulation has not been proven, as the answers of defendant under oath

are corroborated by the testimony of two of her coheirs, while the testimony of plaintiff and his wife stands contradicted by this same testimony. In addition to this, the vendee remained in undisturbed possession of this property from May 3, 1899, the date of the act of sale, until November 21, 1909, the date of her death.

Plaintiff's wife was a witness to the olographic will of her late sister, Susie Nehlig; she was present and participated in its probation, and made no objection to its execution. The defendant, Margaret Nehlig, as universal legatee under this will, has remained in quiet possession of this property down to the present time. At no time did Susie Nehlig or her legatee pay rent to the other heirs. The present suit was not filed until December 26, 1916, or over 17 years after the date of the act of sale to Susie Nehlig.

All of these circumstances, combined with the stale demand of plaintiffs, necessarily corroborate the testimony of defendant and her witnesses as to the actual sale of this property for a valuable consideration.

The judgment appealed from is therefore affirmed, at appellants' costs.