PELAVIN *v.* FENTON, DAVIS & BOYLE.

1. ACCOUNT STATED—WHAT CONSTITUTES.

   "Account stated" is agreement between parties who have had previous transactions of monetary character that all items of account representing such transactions, and balance struck, are correct together with promise, express or implied, for payment of such balance.

2. SAME.

   Whether account presented constitutes "account stated" depends upon ascertainment of balance due and admission of its correctness; and both parties must understand it to be final adjustment of demands between them and assent to its correctness.

3. SAME—WRITTEN ACKNOWLEDGMENT OF CORRECTNESS MAY NOT BE IMPEACHED.

   Indorsement by debtor of account, when presented, as to its correctness, constitutes written acknowledgment of its correctness, which may not, in absence of duress, fraud, or mistake, be impeached.

4. PARTNERSHIP—PARTNER IS AGENT AND MAY BIND PARTNERSHIP WITHIN SCOPE OF BUSINESS.

   Every partner is agent of partnership for purposes of its business (2 Comp. Laws 1929, § 9849), and may bind partnership within scope of its business (2 Comp. Laws 1929, § 9851).

5. ACCOUNT STATED—PARTNERSHIP—ESTOPPEL.

   Where partner agreed to correctness of account against partnership, and indorsed it as correct in order to get balance due, partnership is bound thereby, and is estopped from thereafter asserting that, though assenting to its correctness, it did not mean to be bound thereby.

6. SAME—CONTRACTS.

   Party may not rely on agreement constituting account stated and escape its obligations.

As to what constitutes an account stated, see annotation in 27 L. R. A. 811.

Case-made from Wayne; Marschner (Adolph F.), J. Submitted October 6, 1931. (Docket No. 6, Calendar No. 35,671.) Decided December 8, 1931.

Assumpsit by Samuel Pelavin and another against Fenton, Davis & Boyle, a Michigan corporation, for sums due under a building construction loan agreement. Judgment *non obstante veredicto* for defendant. Plaintiffs review by case-made. Affirmed.

*Wm. Henry Gallagher* (*Francis Fitzgerald,* of counsel), for plaintiffs.

*Slyfield, Hartman & Mercer,* for defendant.

POTTER, J. Plaintiffs brought suit against defendant to recover $6,730 which they claim. Plaintiffs were in the building business. Defendant was an investment banker. Plaintiffs wanted to build an apartment house on a lot owned by them and were without money to do so. They made a construction loan of defendant of $196,000 at 7%, secured by a real estate mortgage upon the real estate and building to be erected thereon. Bonds to that amount were issued and sold by plaintiffs to defendant at 85¢ on a dollar, and sold by the defendant to the public for par and interest. The contract provided that the 15 per cent. profit on the bonds should be in full payment for services rendered by defendant except the cost of bringing the abstract to date, mortgage filing fees, and reasonable fees for the supervision of the construction of the building. The contract was carried out. Plaintiffs were charged for a certificate of title $130 and for supervision and accounting $6,600, a total of $6,730, being the amount in dispute. January 31, 1922, plaintiffs wanted to get $45,000 from defendant on the loan. Defendant presented a

statement of account in which the charges in dispute appear. They were talked over. Defendant refused to pay the money to plaintiff Samuel Pelavin unless these amounts were accepted by the plaintiffs, and Samuel Pelavin wrote across the face of the account, "Accepted 2-7-22 Pelavin Brothers by Samuel Pelavin." It is claimed by defendant this is an account stated and can only be impeached for fraud, and no fraud was shown. The trial court so held, and entered judgment for defendant notwithstanding the jury found a verdict for plaintiffs and plaintiffs appeal. They contend this written acceptance signed by Samuel Pelavin did not as a matter of law amount to an account stated; that the signing of the statement by Samuel Pelavin, under the circumstances, does not estop plaintiffs from showing the facts; that plaintiffs' failure to show the reasonable value of the services does not render such services speculative, and that, though the statement amounts to an account stated, it may be impeached as being without foundation.

"An account stated is an agreement between parties who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance." 1 C. J. p. 678.

See, also, 1 Am. & Eng. Enc. Law (2d Ed.), 437; *Thomasma* v. *Carpenter*, 175 Mich. 428 (45 L. R. A. [N. S.] 543, Ann. Cas. 1915 A, 690).

"The theory of an account stated is that the minds of the parties have met when it has been rendered by one and received and accepted without objection by the other." *Love* v. *Ramsey*, 139 Mich. 47.

"In general terms, where an account is rendered by one person to another, showing a balance due

from the one to the other, and the indebtedness thus expressed is acknowledged to be due by the person against whom the balance appears, or where parties having previous transactions agree upon a definite balance as due from one to the other, this will constitute an account stated.  1 Cyc. p. 364.'' *Pudas* v. *Mattola,* 173 Mich. 189 (45 L. R. A. [N. S.] 534).

The material question involved in the determination of whether an account presented constitutes an account stated is the ascertainment of the balance due and the admission of its correctness.  The parties must understand it to be a final adjustment of the demands between themselves (*Raymond* v. *Leavitt,* 46 Mich. 447 [41 Am. Rep. 170], 1 C. J. p. 683), and it must receive the assent of both parties as to its correctness.

''Any admission of a balance or acknowledgment made by one party to another, that a sum of money is due to the latter, is sufficient *prima facie* evidence to entitle the plaintiff to recover under this count. As Lord Mansfield says: 'It is an agreement by both parties that all the articles are true.'  It is not necessary, however, that there should have existed mutual accounts between the parties; it may relate to a single debt or transaction.  Neither does the nature of the original transaction, out of which the acknowledgment of indebtedness grew, appear to be material.  It may have been for the sale of lands, as in this case, as well as for the sale of other property, or for personal services.  But the admission of indebtedness must be clear and unqualified.'' *Stevens* v. *Tuller,* 4 Mich. 386.

See, also, *Wheeler* v. *Baker,* 132 Mich. 507.

In this case, the account, when presented, was indorsed as to its correctness by the debtor.  This constitutes a written acknowledgment of its correctness (1 C. J. p. 688), which may not, in the absence

of other facts amounting to duress, fraud, or mistake, be impeached. The acknowledgment of the correctness of the account presented by defendant was signed by one of the parties plaintiff. Every partner is an agent of the partnership for the purposes of its business (2 Comp. Laws 1929, § 9849) ; and may bind the partnership within the scope of the partnership business (2 Comp. Laws 1929, § 9851). In this case plaintiffs wanted $45,000 from defendant's agent. They could not get $45,000 unless they agreed to the correctness of the account of defendant presented to them by such agent. They agreed to the correctness of the account and indorsed it as correct in order to get the $45,000 from defendant, and, having thus obtained that amount as a result of such agreement, they are bound by the agreement which induced defendant to part with $45,000, and are now estopped from asserting that, though they assented to the correctness of the account at the time and indorsed it as correct and received the $45,000 from defendant, they did not mean to be bound by their deliberate act in so indorsing it. Plaintiffs cannot rely on this agreement and escape its obligations. They cannot, by means of the agreement, procure the $45,000 and then deny its validity and binding effect. *Wheeler* v. *Baker, supra; Glennon* v. *Vatter*, 109 La. 942 (33 South. 930). As stated by the trial court:

"Having signed the account with full knowledge of the consequences of their action, the plaintiffs having accepted the benefits of the statement are bound by its contents."

The judgment of the trial court is affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.