ELLIS, Judge.
The plaintiff, a duly licensed realtor, has filed this suit in which he is claiming from the defendant $675.00 as an alleged commission due him under an open listing of the defendant’s property for which the plaintiff obtained a purchaser acceptable to the defendant. The plaintiff alleges an exclusive listing of the property for a price of $13,800.00 which was to run for a period of ninety days which, at the defendant’s request, was changed to open listing and the selling price was changed to $13,500.00. By open listing is meant that either party could secure a purchaser.
It is shown by the petition that on February 24, 1949 a purchaser was obtained by the plaintiff and an agreement to purchase was signed by the purchaser and accepted by the defendant and in accepting the offer the defendant agreed to pay a commission of $675.00. . It is further shown by the petition that on February 26, 1949 the defendant contacted the purchaser and the plaintiff, declaring that he had cancelled the sale and would not go through with it, “which cancellation is evidenced on the attached agreement to purchase.”
The plaintiff, in connection with this suit, secured an order for the defendant to answer in writing, under oath and cate *348 gorically, annexed interrogatories. The interrogatories and the answers' thereto were completed and are in the record. As soon' as the interrogatories and the answers were filed the defendant filed an exception of no cause of action which was referred to the merits, whereupon answer was filed hut without any reservation of the rights under the exception, and the case duly tried without objection to any testimony at the beginning of the trial.
There was judgment in favor of the plaintiff as prayed for and the defendant has- appealed.
The defendant is reurging his exception of no cause of action based upon the ground that the plaintiff, having obtained answers to interrogatories, he is bound thereby, and that as the answers of the defendant are destructive of the allegations of plaintiff’s petition and form a part of the pleadings that the exception of no cause of action should have been sustained.
Defendant relies upon the case of Scurto v. LeBlanc, 191 La. 136, 184 So. 567, 570. This was a case in which the plaintiff sued to be recognized and decreed the' owner of three parcels of real, estate arid in which the plaintiff caused to be propounded to •the defendant 74 interrogatories on facts and articles. In the answers the defendant specifically denied that she had negotiated and purchased for plaintiff’s account the real estate and expressly stated that she negotiated and purchased for her own account the properties in question and that she paid the purchase price therefor out of her own funds. The court stated in this case:
“The answers of a party to interrogatories on facts and articles form part of the pleadings, and if they are destructive of plaintiff’s action, an exception of no cause of action will lie. Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744. Defendant’s exception should have been sustained. However, the failure of the trial judge to do so is of no consequence, since the same result may be accomplished on the merits of the case by sustaining defendant’s objection to the introduction of parol evidence to contradict her answers to the interrogatories on facts and articles, which objection was erroneously overruled by the trial judge.
* * * * . * *
“The rule is also well recognized and established that Article 354 of the Code of Practice, providing that the answers of a party to interrogatories on facts and articles do not exclude adverse testimony, has no application in a case in which written evidence is required as a substitute therefor, as where the atteriipt is made'in that way to establish title to real estate, and in such a case, the answers, not being open to contradiction, are conclusive. Larido v. Perkins, 132 La. 660, 61 So. 728; Rubenstein v. Files, 146 La. 727, 84 So. 33; Sherman v. Nehlig, 154 La. 25, 97 So. 270.”
In the case of Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744, 745, the court •stated: “Although answers to interrogatories on facts and articles are generally subject to contradiction,.yet, when they are resorted to for the purpose of supplying the place of a counter-letter, and to make proof which nothing else but a counter-letter 'could make, they are evidently not subject' to contradiction, otherwise, at least, than by a courite'r'-letter. This principle is substantially announced in Semere v. Semere, 10 La.Ann. 704, and is an .evident corollary of the reasons on which such answers are admitted.”
Article 354 of the Code of Practice clearly ' states that: “The answers of the party interrogated are evidence, but do not exclude adverse testimony, and shall be weighed by the judge as other testimony.” The provisions of this article have no application to the situation where only written evidence is admissible as a substitute for the answers to interrogatories as where title to immovable property is at is,sue. Howeve.r, where verbal testimony,would be admissible such evidence does not become inadmissible by reason of answers ,to interrogatories on facts and articles with which it may conflict, and in the latter case, the answers to the written interrogatories do not become part of the pleadings but constitute evidence' to be considered along with parol testimony.'
*349 In the case at bar, we are not concerned with a suit dealing with the title to real estate, but a contract which the plaintiff claims entitles him to a commission as a realtor for having' secured a purchaser acceptable to the defendant. We aré of the opinion that the exception of no cause or right of action should have been overruled, and it is so ordered.
It is admitted that the plaintiff did procure a purchaser of defendant’s property who was ready, willing and anxious to buy; that after this was done the purchaser, at the earnest solicitation • of the defendant, agreed to cancel this ’purchase agreement and the plaintiff, Barry was notified. When the plaintiff was notified that the purchaser and the defendant had agreed to a cancellation he at that time told the defendant that he expected his ' commission and he wrote across the purchase agreement the following:
“Date 2/26/49 cancelled by mutual agreement of the buyer, and seller without waiver of realtor’s commission rights.”
“Witness:-Buyer: --
“Witness: - Seller: -;-” (Emphasis added.)
The purchaser and the plaintiff then went to the home of the defendant who refused to sign this cancellation unless the words “without waiver of realtor’s commission rights” were erased. After a considerable discussion and heated argument the plaintiff scratched a pen through the words “without waiver of realtor’s commission rights” and wrote his initials, “O. B.”
.Defendant has testified that rather than pay the $675.00 commission he would have completed the sale, • otherwise he was unable to pay the commission, and that it was only because the reservation of the rights of the broker' for a commission were stricken by plaintiff and it was his Understanding, as 'well as that of his son, that the plaintiff had agreed to 'release the' defendant from the payment of this commission, that he agreed to the cancellation.
On the otljer hand, the plaintiff testified that before this erasure was made he told the defendant he would not waive his commission or take less than the customary and agreed commission. However, at the meeting which took place between the plaintiff, purchaser, and the defendant at the latter’s home, he did not testify that when he made the alteration in the cancellation agreement he stated that he still expected his . commission. Plaintiff’s . testimony is rather weak on this point for when asked why he scratched it out if he did not intend to release the defendant from the payment of the commission, he stated that he did it in order that the purchaser might get back the 10% deposit made by him at the time of -the signing of the original agreement. This does not seem to be a very good reason as there is no doubt that the plaintiff had earned his commission and should not have been interested in the cancellation of the,sale, and if he intended to collect his commission there was no reason for him to participate in the cancellation.
The testimony shows that there was still some time to run on the date of the cancellation before occupancy .had to be given, in fact, eighty-eight days. It is shown by the testimony that after the cancellation of the sale the plaintiff did sell to the purchaser other property, as the latter wished to obtain a location as soon as possible in Baton Rbiige.
To say the léast, the plaintiff, by his action- and by the striking out of the non waiver of the commission and by causing the defendant to return to the purchaser the 10% deposit gave every reason to the defendant to believe that he had released him from the payment of the commission. It was only upon this belief that the-defendant signed the .cancellation, and there is no reason to believe from the evidence that the defendant would not have gone through with the sale of the property if he had not believed from the plaintiff’s •action that he had been released from the payment of the commission. There is some testimony that he felt he owed him something even after the cancellation of the *350 agreement, but as we interpret this testimony, he only means any actual expense, for example, phone costs, etc., which plaintiff might have been put to in order to find a purchaser for the property. The testimony leads us to believe that plaintiff at first intended to collect his commission, and then, when the defendant refused to sign the cancellation unless he was released from the payment of the commission, the plaintiff, knowing that the purchaser was very anxious to locate property in Baton Rouge, struck out the clause, which released the defendant from the payment of the commission, and the purchaser received the return of the deposit of $1,350.00 and plaintiff showed him other property which he purchased. By drawing up the cancellation agreement and striking out that portion which expressly reserved the right to his commission he became a party to the cancellation, thereby releasing the plaintiff from his obligation to pay same.
It is, therefore, ordered that the judgment of the district court be reversed and that plaintiff’s suit be dismissed at his cost.